Rogue River Mining Co. *v.* Walker.

ROGUE RIVER MINING COMPANY, Plaintiffs in Error, *v.* JOHN D. WALKER, Defendant in Error.

*Error to Jackson.*

1. Errors cannot be assigned for irregularities in the proceedings of the Circuit Courts, unless excepted to at the time such irregularities occurred; but the same will be presumed to have been waived.
2. Where a party defendant not served appears, and offers to file an answer, or for any other purpose, such appearance will be considered equivalent to service.

THIS cause comes here from the Circuit Court of Jackson County, where it was originally brought. It is an action on account for labor, board, goods sold, &c.

The answer denied the indebtedness, and then set up, as a special defence, that said company was governed by certain by-laws, which required all contracts (for goods sold, board, and the like, as set up in the complaint) should be entered into only by the unanimous consent of a board of managers, who were

named in said by-laws, and alleged that such unanimous consent was not obtained to such contracts, and that plaintiff had knowledge of such by-laws and regulations at the time he furnished the goods, board, &c., sued for.

Another special defence in the answer was, that it was understood and agreed between the plaintiffs and defendant at the time the alleged indebtedness accrued, that payment of the balance of account now sued for was not to be paid until the company should realize the same from their mining enterprise, in which they were engaged, which was then the business of the company.

On motion of the counsel for the plaintiffs, the court struck from the defendant's answer the first special defence stated in the answer, or rather filed a new answer, leaving out of it the last named special defence, to wit, that the balance was not to be paid until it was realized from the mining enterprise, and issue was taken for such amended answer.

After this, one of the defendants, who had not been sued, to wit, Nicholas Pickle, appeared, and offered to file his separate answer, setting up the same matter which had been left out of the amended answer. The filing of the separate answer was objected to, and the objection sustained by the court, to which proceeding Pickle did not except; and, in fact, no exception appears to have been taken to any of the rulings or proceedings of the court previous to the trial.

The trial resulted in a verdict for the plaintiffs, on which judgment was entered.

The bill of exceptions contained but a single point, and is an exception to the ruling of the court in excluding certain testimony from the jury.

*James K. Kelly,* counsel for plaintiffs in error.

*Dowell & Kelsay,* counsel for defendant in error.

Boise, J.  The four first grounds of error may be disposed of together.  The first is, that the court erred in striking out

Rogue River Mining Co. *v.* Walker.

a part of defendant's answer.    The second alleges the same thing in a different form.    The third and fourth erred, in not allowing Nicholas Pickle to file his separate answer.

I do not propose to examine the merits of these proceedings of the court below, for the reason that these four errors, if errors at all, were waived; for, being acquiesced in by the defendant in the court below, and not excepted to, any supposed irregularity in these respects was waived, and cannot now be taken advantage of.    Such was held to be the doctrine of this court in the case of *Scott* v. *Cook, Oregon R. p.* 24; and I fully concur with the doctrine there expressed, and will not stop to discuss it here.

The evidence set out in the bill of exceptions, which evidence was rejected by the court, and the rejection excepted to, tended only to prove the allegations in the original answer, which were abandoned in the amended answer, and which were not in issue in the cause on the trial, and counsel for plaintiffs in error admit was properly rejected.

The only other point is, as to the appearance of Nicholas Pickle.    It appears, by the record, that Pickle appeared by counsel, and asked leave to file his separate answer, which was rejected.    He then appeared at the final trial; and, I think, when he once appeared in the case in court for any purpose, such appearance was equivalent to service, and he was as liable to judgment as the defendant served.    Such I understand to be the meaning of the statute, page 88, section 36.

Judgment affirmed.