Harker *v.* Fahie.

---

A. HARKER and another, Respondents, *v.* A. FAHIE, Appellant.

*Appeal from Multnomah County.*

A voluntary appearance in court does not waive defendant's time to plead. It only waives informality of process and service.

*W. W. Chapman, Esq.*, of counsel for plaintiffs.

*G. H. Williams, Esq.*, of counsel for defendant.

BOISE, C. J.  This is a suit in chancery, where a decree was rendered for the plaintiff.  The service was not sufficient as to time, but defendant voluntarily appeared, and the question here is : Did such an appearance by the defendant waive his right to time to plead, given him by statute, as in ordinary cases ?  Service was had on the 24th day of May, and the return day was the second Monday in June following, which was less than twenty days.  The *Statute of* 1859, *page* 18, provides that in suits in equity, as well as actions at law, a defendant may be brought into court either by the service of the complaint and notice or by subpœna, as provided in the *Statute, title* 1, *of chapter* 1, regulating proceedings in suits in equity.  Such statute provides that no defendant in equity shall be compelled to plead, answer, or demur in less than

twenty days after the service on him.   That statute is found on page 198, section 22, of the bound statutes, and further provides that if the subpœna shall have been served thirty days before the return day thereof, the defendant shall file his plea, demurrer or answer to the bill on or before the third day of the term at which the process is returnable.  If it shall have been served less than thirty days before such return day, then defendant shall file his plea, demurrer, or answer, within thirty days next after such return day.   I think the statute of 1859, referred to, only modified the latter statute, so as to shorten the time of service from thirty to twenty days.   Where plaintiff chose to commence his suit by notice instead of by subpœna—the *practice* in chancery remains as before—defendant was to plead, answer, or demur, on the third day of the return term if service had been thirty days; or, within thirty days after the return day, if service had been less than thirty days before return day.   The evident intention of the legislature was to enable parties to bring suits in equity by service of notice instead of subpœna; and if no provision as to time of service in chancery had been made, then ten days' service would have been sufficient, as in other cases of notice; but in cases in chancery, twenty days is fixed for the time of service of notice; and if it had been the intention to otherwise change the chancery practice, it would have been set forth.   Then we would have had two modes of practice in chancery, which would lead to confusion.  I think the better construction of these statutes is that the new statute only shortened the time of service, and left the practice in other respects as it was.   It is also insisted that as the defendant appeared voluntarily and made a motion in the case, he not only waived all informality of service of process, but also his time to plead.   This would be carrying the effect of an appearance too far.   If a defendant appear voluntarily in court, he is under no disabilities he would not be under if regularly brought into court by due service of process.   If brought into court by subpœna or notice, he would have the

time which the law allows him in which to plead, and we think he should have the same right if he appears and waives service.

Judgment is reversed.