MARY C. WHITE, RESPONDENT, *v.* THE NORTHWEST
STAGE COMPANY, APPELLANT.

WAIVER.—The voluntary appearance of a defendant in a cause is a waiver
of the service of summons and complaint.

DAMAGES—PROOF OF, NOT REQUIRED, WHEN.—In an action for damages aris-
ing on contract, no proof of damages is required where judgment is
rendered for want of an answer.

SOUND DISCRETION CANNOT BE REVIEWED.—The granting a motion to set
aside a default is in the sound discretion of the court, and unless it
clearly appear that such discretion has been abused, the appellate court
will not interfere.

IDEM—PRACTICE.—In such case the correct practice is for the defendant to
present his answer, properly verified, when the motion to set aside is
called for hearing.

APPEAL from Baker County.

This is an action for damages, brought by the plaintiff
to recover the sum of four hundred and ninety-five dollars,
for the failure and refusal of the defendant, as a common
carrier, to convey the plaintiff from the town of Kelton, in
the Territory of Utah, to Baker City, in Oregon.

Plaintiff avers that on or about the 3d day of November,
1871, she arrived at Kelton, in Utah, *en route* from the East
to Baker City, Oregon, and that she had then and there in
her lawful possession, and as the lawful owner thereof, for
value, an order from the defendant to its agent at Kelton,
directing him to give her passage on the stage-coaches of
the defendant, from said town of Kelton to Baker City,
Oregon. This order is set out in the complaint in words
and figures as follows:

"MR. KINNEY,

     "Agent N. W. Stage Co. at Kelton.

"DEAR SIR: You will please way-bill Miss M. E. White
from Kelton to Baker City. Collect, as her fare is settled
to this place.

                                        "J. A. REED,
                                     "Agent N. W. S. Co.
"BAKER CITY, March 28, 1871."

Plaintiff further avers that defendant refused to pass her

upon said order from Kelton to Baker City, although said order was presented to the agent of the company at Kelton, and her passage demanded thereon; and that by reason of such failure she was annoyed, harassed and delayed on her journey among strangers, and compelled to incur great expense in getting to her destination, to her damage in the sum of four hundred and ninety-five dollars.

Defendant appeared September 23, 1872, by its attorney, F. P. Dugan, Esq., and demurred to the complaint, which demurrer was by said attorney subsequently withdrawn, and by order of the court said Dugan was allowed to withdraw his appearance as attorney for defendant, for the reason that the same was entered without his authority.

Subsequently, on the 26th day of November, 1872, defendant entered an appearance by its attorneys, Dugan and La Dow, and demurred to the complaint, which demurrer, after argument, was overruled by the court.

On May 21, 1873, defendant, by Lawrence and Dugan as attorneys, was permitted by leave of court to file a motion to strike out portions of the complaint. The record fails to disclose any further action of counsel or the court on this motion to strike out; but subsequently thereto, to wit, on the 23d of May, 1873, an answer was filed, signed and indorsed by Frank P. Dugan as attorney for defendant. On the day following the filing of said answer a motion was filed by plaintiff's counsel to strike out the same, for the reasons that said Dugan had never been admitted to practice as an attorney in the courts of this State; and because said answer was not properly verified, and was sham and frivolous. The motion to strike out the answer was sustained by the court on the 26th of May, 1873, and the defendant failing to apply for further time to further plead or answer, the court, on the same day, on motion of plaintiff's counsel, rendered judgment for the amount claimed by plaintiff for want of an answer.

Subsequently, on the 28th day of May, 1873, defendant appeared by J. H. Reed, Esq., of counsel, and, on motion supported by affidavit, sought to have the judgment for plaintiff set aside; and, upon the hearing thereof, the court

overruled said motion on the 4th day of September, 1873. The defendant appeals to the Court, assigning as error:

"1. The entry of a judgment in said action against defendant, for the reason that there had been no legal service of summons on said defendant, and that the court had no authority to enter judgment in this action without some proof of plaintiff's claim; that the judgment entered in this action is informal, and erroneous in form; and that the complaint does not state facts sufficient to constitute a cause of action.

"2. The overruling the motion of defendant to open said judgment, and permit the defendant to answer on the merit."

*L. O. Stearns and Knight & Lord,* for Respondent.

*J. H. Reed,* for Appellant.

By the Court, BONHAM, J.:

The principal difficulty which this case presents is the complicated condition of the pleadings and proceedings as disclosed by the transcript. Some idea of the peculiar character of the proceedings, on the part of the defendant, is disclosed by the foregoing statement of the case, which is only a partial synopsis of what was done; the object being to prevent only those proceedings which are pertinent to the questions presented by the assignment of errors. And it is a somewhat remarkable feature of the case, that during its pendency in the court below, for about the period of one year, and the frequent appearance, disappearance and reappearance of various members of the bar of Eastern Oregon and Washington Territory, on behalf of defendant, that the cause finally culminated in a judgment for want of an answer. And it is for the purpose of obtaining leave to defend the cause, upon its merits, that the same is appealed to this Court.

The transcript presents no bill of exceptions; but the first error assigned in the notice of appeal is, that there was no legal service of process on defendant to place it in default. To this objection we answer that the record shows a volun-

tary appearance entered in the cause, on the part of defendant, by attorneys, whose right to so appear is not questioned; the result of which is the waiver of any defect·or irregularity in the service of process. (*Rogue River Mining Company* v. *Walker*, 1 Or. 341; *Harker* v. *Fahie*, 2 Or. 89.)

Appellant, in the next place, objects that the court had no authority to enter judgment in this action without some proof of the plaintiff's claim. This objection is also untenable, for two reasons:

In an action for damages, arising upon contract, the plaintiff is entitled to judgment for the amount claimed, without proof thereof, if the defendant fail to answer within the time prescribed by law. And in the second place, if it were necessary to prove such claim, the law would presume that it had been done in the absence of a showing to the contrary. (Civil Code, § 246; *Dimick* v. *Campbell*, 31 Cal. 238.)

The third objection urged by the counsel for appellant is that the complaint does not state facts sufficient to constitute a cause of action, in that it is not alleged that Kinney and Reed, or either of them, was agent of the Northwest Stage Company, and because the word "collect" occurs in the order of Reed to Kinney, on which plaintiff claimed her passage from Kelton to Baker City.

While plaintiff's complaint is subject to criticism in the respects mentioned as to matters of form, yet we think it does substantially aver that Reed and Kinney were the agents of defendant, and that it is sufficient to sustain the judgment; for the plaintiff does charge that on her arrival at the town of Kelton, on or about the 3d day of November, 1871, she was the lawful owner and holder for value of the order of defendant, as hereinbefore set out in the statement of this case. And while there is an ambiguity in the terms of the order, caused by the use of the word "collect" as it is written in the transcript, yet we think it pretty clearly appears from the context that the word as written does not convey the idea intended by Mr. Reed, the maker of the order. It would hardly be a fair reason to give for collect-

ing fare of plaintiff that it had already been paid.   We
think it more fair and reasonable to presume that a mistake
was made, either in the original or in copying the record.

The only other error assigned, which was relied upon in
the argument, is the overruling of defendant's motion to
set aside the default and permit an answer to be filed upon
the merits.   The court below (McArthur, J.), in passing
upon the motion to set aside the default of defendant, as-
signs the following reasons for its refusal, to wit: "That
the defendants have been guilty of laches, from which this
court cannot relieve them without doing palpable injustice
to the plaintiff.   That, though the defendant Huntley was
served out of Baker County, this judgment is valid for the
reason that the record shows the appearance of authorized
attorneys for the defendant, other than F. P. Dugan, who
was disqualified by the statute.   That the appearance of
said attorneys was general, and was a waiver of irregular-
ities in the service.   That a motion to open up a default
and to set aside a judgment should be accompanied with a
copy of the verified answer which the party desires to be
permitted to file, so that the court may judge whether there
be a meritorious defense, for defaults should not be opened
up unless the defendant have a meritorious defense."

We think the record sustains the court below in the con-
clusions arrived at as above expressed.   The granting or
refusing of a motion to set aside a default is a matter within
the sound discretion of the court, and unless it clearly ap-
pear that such discretion has been abused, the appellate
court will not interfere.   (*Bailey* v. *Taaffe*, 29 Cal. 422;
*Crandall* v. *Piette*, 1 Or. 226.)

Judgment affirmed.