## A. M. BURDETTE V. P. H. CORGAN.

1. APPEARANCE, *When General.* Where a party against whom a judgment is rendered files a motion to vacate such judgment as void, and such motion is based upon non-jurisdictional as well as upon jurisdictiona grounds, *held,* that thereby such party enters a general appearance, although in the motion he says that he specially appears.

2. MINOR, *Appearance of.* Wherever a minor seeks affirmative relief by any action or proceeding, such minor may appear by his next friend or guardian and apply for such relief, and after a ruling upon such application will not be heard to say that he had no power to thus appear.

### Error from Allen District Court.

ACTION of forcible entry and detainer, brought by *Burdette* against *Corgan.* At the March Term, 1881, the court sustained defendant's motion for a new trial, which ruling the plaintiff brings here. The nature of the action, and the facts, appear in the opinion.

*Cates & Keplinger,* for plaintiff in error.

*G. P. Smith,* and *J. R. Goodin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case is a correlate to the case of *Walkenhorst v. Lewis,* 24 Kas. 420. It was an action of forcible entry and detainer, commenced before a justice of the peace and certified to the district court upon a plea of title. After judg-

ment for the plaintiff, a motion for a new trial was made, and then it was stipulated that such motion should be continued until the decision of the case above named in the supreme court. The stipulation further provided that if, taking all the records in that case, title was in the heirs or any one of them, that a new trial should be granted. That case was the foreclosure of an equitable mortgage, in which service was made by publication upon the defendants, who were non-residents and some of them minors. Long after judgment and sale the defendants appeared and filed a motion to vacate the judgment, which was overruled by the district court. To review this ruling that case was brought to the supreme court, and thereafter the ruling of the district court was affirmed. Now it is claimed that one of the defendants was not named in the publication notice, and therefore was not concluded by that judgment, and that her title to the property was not thereby extinguished. The single question now is, whether upon the entire record, that defendant retains any title to the property. The record discloses that her name was not in the publication notice. She was therefore not brought into court prior to the judgment, and so far as the judgment then stood it did not divest or affect her title. But it is insisted that by the motion she entered an appearance, submitted herself to the jurisdiction of the court, and cannot now be heard to say that the judgment was void. It is insisted on the other side that this court virtually decided the question by the opinion filed in 24 Kas., *supra*. The facts in reference to that motion more particularly are as follows: There were several defendants, some of them minors. The motion to vacate the judgment recited that the parties specially appeared, and moved to set aside the judgment as void for several reasons—among them, that the petition of the plaintiff did not state facts sufficient to uphold the judgment; that no guardian *ad litem* was appointed for the minor defendants; and because no service was made upon the minor defendants, as required by law. At the time the motion was filed, it was supposed that the names of all the defendants appeared in the publication no-

tice; but after the ruling of the district court upon the motion it was discovered that in some way the name of one of the minor defendants had been omitted, so that she in fact had not been served, and when the record was presented to this court for review an attempt was made to raise the question for the first time here.    In disposing of the matter we said: "We are not at liberty to consider objections to the service not presented to the district court in the motion whose review is sought in this proceeding in error.    Of course if any defendant was not named in the publication notice, and not otherwise served, the judgment has no effect upon his rights or interests in the property."   We see no reason to doubt the correctness of that proposition of law, but did not intend to anticipate or decide any questions not then involved in the case.    The question now is, not whether this defendant was originally served or concluded by the judgment at the time it was rendered, but whether her subsequent action has not shut her off from any remedy.   This question has never been before us, and must be decided upon the record as it now stands.    In the first place, we remark that this ap-

1. Appearance, when general. pearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear.   The motion challenged the judgment not merely on jurisdictional but also on non-jurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion. (*Cohen v. Trowbridge*, 6 Kas. 385; *Fee v. B. S. Iron Co.*, 13 Ohio St. 563; *Grantier v. Rosecrance*, 27 Wis. 491; *Alderson v. White*, 32 Wis. 309.) Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment.    A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings.   If he was not in fact a party, and had not been properly served, he can have the proceedings set

aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground.  This is familiar doctrine.  See the cases last cited.

But it is further insisted, that being still a minor she could not enter an appearance by an attorney, and was never served. Authorities are cited to show that a minor cannot enter her appearance by an attorney.  Section 33 of the code is referred to, which provides that the defense of an infant must be made by the guardian for the suit, who cannot be appointed till after service of the summons.  She was never served, and no guardian was ever appointed.  The motion which was filed shows that this minor appeared by her next friend, and as that is the form in which an action by a minor is to be brought, (Code, § 31,) it is insisted on the other hand that she can in the same way appear in the court whenever she is seeking affirmative relief, as in the case at bar.  This we think is the true construction of the statute, for otherwise, as is well said by counsel, a minor's interests might be prejudiced by a judgment in fact void, but apparently regular and valid, without any opportunity to the minor to obtain relief by having it set aside.  Of course the other side would not be interested to bring her in, and if she could in no way come in voluntarily, the judgment, apparently regular, might work great hardship to her interests without possibility of relief.  The true rule seems to be, that whenever a minor not in court seeks affirmative relief such minor has a right to institute any action or proceeding, appearing therefor by her next friend or guardian; such appearance, while not wholly within the strict letter of the statute, is clearly within its spirit, and is necessary for the rights of a minor.  We conclude, therefore, that this appearance of the minor by the motion was legal and valid,

2. Minor, appearance of.  and that having thereby entered a general appearance and challenged the judgment on nonjurisdictional grounds, she cannot, after filing such motion, now be permitted to say that she was never in court, and is not concluded by that judgment.

The case being submitted to us upon this single question,

and it appearing that the court erred in its ruling, the order must be reversed, and the case remanded with instructions to overrule the motion for a new trial.

All the Justices concurring.