[Filed April 22, 1889.]

## KINKADE, APPELLANT, *v.* MYERS, RESPONDENT.

A GENERAL APPEARANCE waives all questions as to the service of a process, and is equivalent to a personal service.

A SPECIAL APPEARANCE, designating the particular purpose for which the party appears, limits the appearance to that particular matter.

WHERE THE SERVICE OF A SUMMONS IS ILLEGAL and fatally defective, a defendant may appear therein specially for the purpose of having such service set aside, and there is nothing in the Oregon code restrictive of such rights.

APPEAL from Benton County.

*J. W. Rayburn,* for Appellant.

*John Kelsay,* for Respondent.

LORD, J. —This was an action brought in a justice's court to recover money. After judgment therein, a writ of review was sued out in the circuit court, which resulted in the affirmance of such judgment and the dismissal of the writ.

The case involves but one question for our determination. Briefly, the facts are these: It is admitted that the service of the summons and complaint, as shown by the constable's return, was insufficient to authorize the court

to render judgment against the defendant, if he had not appeared in the action. The record discloses that he appeared specially and only for the purpose of moving to set aside the return of the constable as to such service of the summons and complaint which the justice's court overruled, and the defendant not appearing, further, also, rendered judgment against him for the amount demanded in the complaint, and costs and disbursements of the action.

The question then is, Can a party specially appear in an action or other proceeding, for the purpose of setting aside the service of the summons? or does such appearance waive the failure to properly serve the summons, and give the court jurisdiction of the person of the defendant?

The contention of the plaintiff is, that an appearance for any purpose, special or otherwise, is equivalent to service, and that although the defendant appeared specially, and without intending to confer jurisdiction of his person, it had the effect to confer jurisdiction, and to authorize the court to render judgment against him.

Neither of the cases cited, *Rogue River Mining Co.* v. *Walker*, 1 Or. 342, or *Harker* v. *Fahie*, 2 Or. 89, sustains this contention. In the first case, the party appeared and offered to file his answer; and in the second, there was a voluntary appearance, which was equivalent to service or waiver of any informality therein. A general appearance waives all questions as to the service of process, and is equivalent to a personal service. (*Eldred* v. *Michigan Insurance Bank*, 17 Wall. 551; *Meixell* v. *Kirkpatrick*, 29 Kan. 683; *Allen* v. *Coates*, 29 Minn. 46.) A special appearance, designating the particular purpose for which the party appears, limits the appearance to that particular matter. Here it was for the specific purpose, and no other, of setting aside the service, because it was illegal, and admitted to be fatally defective. The defendant claims that he had a right to so appear specially, and

move to set aside the service of the summons, and that in so doing he did not waive such defects, or submit himself to the jurisdiction of the court.

In *Ling Chung* v. *N. P. R. R. Co.*, 10 Saw. 19, it was claimed that a defendant could not appear specially for this purpose, and that he must appear fully and without reserve, or not at all. Mr. Justice Deady, after referring to the sections of the Oregon code cited to sustain this view, said: "And the question is, Can that appearance be something short of a general appearance and for a particular purpose? There is nothing in the code to the contrary. . . . . The right to appear specially and move to set aside the service of a summons is one thing, and the allowance of the motion is another. When the summons, or the service thereof, is merely defective, or wanting in some matter of form or method which does not affect the substantial rights of the defendant, the motion to set aside will be disallowed, and a counter-motion allowed to amend. But where the service is unlawful, and cannot give the court jurisdiction of the defendant, it ought to be set aside or quashed, and unless the party upon whom it is made is allowed to appear for the purpose, he must run the risk of having a judgment given against him for want of an answer, in a case where it may be there is no appeal, and if there was, the illegality of the service is not apparent on the face of the record. In *Lyman* v. *Milton*, 44 Cal. 635, and *Kent* v. *West*, 44 Cal. 185, it was held in the one case that a party was entitled to appear specially and move to set aside the service of an illegal summons, and in the other, to set aside the illegal service of a legal summons; and further, that the wrongful denial of such motion was an error that was not waived by the defendant's subsequent appearance and trial of the case. The cases under consideration are within the ruling made in these cases, and I see nothing in the code to take

them out of it.    Nothing less than the express language of the statute, or the necessary implication therefrom, would be construed by any court of justice as forbidding or preventing a party to appear in an action for the purpose of having the service of a summons set aside on the ground that it was illegally served upon him,—not in manner, but in substance,—and made under such circumstances as not to give the court jurisdiction of his person, or authority to proceed to judgment against him."

In the case in hand, the service is admitted to have been unlawful, and could not have given the court jurisdiction of the defendant; and in such case we see no reason, or anything in the code, why he should not be allowed to appear specially for that purpose, and that in so doing he does not give the court jurisdiction of his person, or authority to proceed to judgment against him.

Judgment is reversed.