Argued March 27; decided April 8, 1895.

## MAYER *v.* MAYER.

[39 Pac. 1002.]

1. APPEARANCE AS A WAIVER OF IRREGULARITIES OF PROCESS.—A party may, under the practice in this state, enter a special appearance for a particular purpose, (*Kinkade* v. *Myers,* 17 Or. 470, cited,) but where he appears, either before or after judgment, and asks permission to plead to the merits of the cause, he thereby waives all irregularities in the service of process : *Belknap* v. *Charlton,* 25 Or. 41, cited and approved.

2. REQUISITES OF AN APPLICATION TO OPEN A DEFAULT— CODE, § 58.—Under the provisions of section 58 of Hill's Code, that a defendant against whom publication is ordered may "upon good cause shown and upon such terms as may be proper be allowed to defend after judgment," he must show a sufficient excuse for his default, and ( except where the ground is want of jurisdiction ) that he has a meritorious defense; a simple statement in the affidavit that the defendant has a good and valid defense, without setting forth the facts constituting such defense, is not sufficient.

3. CORRECT PRACTICE ON MOTION TO OPEN A DEFAULT.—The proper practice on a motion to open a default and for leave to answer is to support the motion by affidavits showing reasons why the default should be set aside, and tender the proposed answer *: *White* v. *Northwest Stage Company,* 5 Or. 99, cited and approved.

APPEAL from Benton: J. C. FULLERTON, Judge.

This is an appeal by Rebecca J. Mayer from a decree of divorce granted to her then husband John Mayer on November fifteenth, eighteen hundred and ninety-three, without any appearance by her, or service of process, except by publication in a newspaper. In April, eighteen hundred and ninety-four, she appeared and filed a motion, supported by affidavits, asking to be relieved from such decree, and to be let in to defend the suit. The motion was denied, and hence this appeal.          AFFIRMED.

For appellant there was a brief by *Messrs. Deady and Metcalf,* and an oral argument by *Mr. James W. Metcalf.*

* See also *Bailey* v. *Williams,* 6 Or. 73, laying down the same rule of practice.— REPORTER.

For respondent there was a brief and an oral argument by *Mr. John M. Somers.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. In support of the motion it is contended that the court below did not have jurisdiction of the defendant at the time the decree was rendered, because the proceedings for the publication of the summons were defective. The motion was not to vacate the decree on jurisdictional grounds, but to be let in to defend the suit, and was therefore a waiver of all irregularities in the service of process. A defendant may appear specially to object to the jurisdiction of the court over him, or to set aside a default or judgment as void for want of service of process, without submitting himself to the jurisdiction of the court for any other purpose: *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557). But when he appears and asks some relief which can be granted only on the assumption that the court has jurisdiction of his person, he will be deemed to have entered a general appearance, and submitted himself to the jurisdiction of the court as completely as if regularly served with process: *Belknap* v. *Charlton,* 25 Or. 41, (34 Pac. 758,) and authorities cited. And this is so although his appearance may be after judgment is entered against him: *Burdette* v. *Corgan,* 26 Kan. 102; *Leake* v. *Gallogly,* 34 Neb. 857 (52 N. W. 824); *Gray* v. *Gates,* 37 Wis. 614; *Grantier* v. *Rosecrance,* 27 Wis. 488. The motion in this case did not challenge the decree on jurisdictional grounds alone, but it was a general motion under section 58, Hill's Code, to set aside the decree, and for leave to defend, and she attempted by her affidavits to show "good cause" why she should be permitted to do so. Such an appearance concluded her from further questioning the decree on jurisdictional grounds. "A party cannot come into court,"

says BREWER, J., in *Burdette* v. *Corgan,* 26 Kan. 102, "challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is familiar doctrine."

2. We come, then, to the question as to whether, under the showing made by the defendant, the court below erred in overruling her motion. Section 58, Hill's Code, provides that the defendant against whom publication is ordered may "upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry of such judgment." There is some conflict in the decisions as to whether statutes similar to this are mandatory, so as to entitle a defendant who brings himself within their provisions to appear and defend as a matter of right, or whether the application is addressed to the sound discretion of the court, and will be interfered with by an appellate court only in cases of an abuse of discretion. The former rule seems to prevail in Wisconsin, — *Berry* v. *Nelson,* 4 Wis. 375; *Pier* v. *Millerd,* 63 Wis. 33 (22 N. W. 759), — while the courts of Minnesota take the latter view, — *Washburn* v. *Sharpe,* 15 Minn. 63; *Frankoviz* v. *Smith,* 35 Minn. 278 (28 N. W. 508). But we do not think the application in the case is sufficient under either view. The statute requires a defendant to show "good cause" before he shall be entitled or permitted to appear and defend the action or suit. To do this he must show a sufficient excuse for his default, and, except where the motion is on the ground of a want of jurisdiction, he must also show that he has a meritorious defense to the action or suit: 1 Freeman on Judgments, § 108; 1 Black on Judgments, § 347; *People's*

*Ice Company* v. *Schlenker,* 50 Minn. 1 (52 N. W. 219); *Bailey* v. *Taafe,* 29 Cal. 422. Now, the moving papers of the defendant are confined entirely to showing an excuse for the default, and why she ought to be permitted to appear and defend, and for that purpose are manifestly sufficient, if it appeared that in fact she had a defense. But upon this important question they are entirely silent, except a simple statement in the affidavit that she has a good and valid defense. The complaint charges as a ground for divorce that during the winter and spring immediately preceding the commencement of the suit the defendant was an inmate of a house of ill fame in Vancouver, Washington, plying her vocation as a common prostitute, and during such time she committed the crime of adultery with divers and sundry men. This allegation is wholly undenied in any way. Nor are there any facts set forth, either in a proposed answer or the affidavit accompanying the motion, which would constitute a defense thereto.

3. The general statement that defendant has a good and valid defense to the suit is insufficient; the facts constituting such defense should have been set forth, so that the court could have determined whether they were sufficient for that purpose, and the proper practice is to accompany the motion with the answer which the party desires to file, which was not done in this case: 2 Elliott's General Practice, § 1032; *Holmes* v. *City of Hamburg,* 47 Iowa, 348; *White* v. *Northwest Stage Company,* 5 Or. 99. Upon this record therefore we have no alternative but to affirm the decree, and it is so ordered.          AFFIRMED.

Mr. Justice WOLVERTON took no part in the decision of this case.