On motion to dismiss, decided June 28, 1910.
On the merits, argued July 7, decided July 19, 1910.

# FILDEW v. MILNER.

[109 Pac. 1092.]

APPEAL AND ERROR—BONDS—MOTION TO DISMISS.
1. Where a bond given on appeal is insufficient, a motion to dismiss the appeal will be denied and leave granted to file a new bond, under Section 549, subd. 4, B. & C. Comp.

APPEARANCE—EFFECT—JURISDICTION OF PERSON.
2. A voluntary appearance of a defendant to set aside a default decree, after service by publication and application for leave to file an answer, conferred jurisdiction of his person.

APPEARANCE—APPEARANCE AFTER JUDGMENT—EFFECT.
3. A voluntary appearance of a defendant to set aside a default decree, after service by publication and application for leave to file an answer, would not cure defects in the complaint, if it failed to state facts sufficient to state a cause of action.

QUIETING TITLE—COMPLAINT.
4. A complaint in a suit, under Section 516, B. & C. Comp., to determine title to real estate must allege that defendant claims an adverse interest in the property.

JUDGMENT—VACATION—STATUTES—CONSTRUCTION.
5. Section 103, B. & C. Comp., authorizing the vacation of a judgment taken against a party through his mistake, excusable neglect, etc., is a remedial statute, and, as such, should be liberally construed.

JUDGMENT—VACATION—"NOTICE."
6. Section 103, B. & C. Comp., provides that the court may at any time within one year after notice thereof relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise, or excusable neglect. Held, that "notice," as used in the statute, means "knowledge."

JUDGMENT—VACATION—PARTIES.
7. Section 38, B. & C. Comp., provides that no action shall abate by the transfer of any interest therein, if the cause of action continue. Pending a suit to determine title to land, the same was conveyed and a default decree was entered after service by publication. Thereafter a motion was made to vacate the decree, and the grantees sought to be substituted as defendants. Held, that it was proper to permit the grantees to be made parties defendant, if not to be substituted.

JUDGMENT—VACATION—GROUNDS.
8. Section 103, B. & C. Comp., authorizes the vacation of a judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect. Held, that where summons was served by publication and a default decree entered, but it appeared from the affidavit of one of the two defendants that neither of them knew that suit had been instituted, or decree rendered, and that one of them had been a resident of a certain city in the State, and was an officer in that city and

generally known throughout the State, so that if reasonable effort had been made a copy of the complaint and summons could have been mailed to him, an order vacating the decree and permitting the filing of an answer was proper.

Decided June 28, 1910.

ON MOTION TO DISMISS.

[109 Pac. 1092.]

1. OPINION PER CURIAM: This is a motion to dismiss an appeal on the ground that the bond therefor is insufficient. The appellant's counsel have interposed a countermotion for leave to file an amended undertaking.

When a party in good faith gives a notice of appeal from a judgment or decree and thereafter omits, through mistake, to file an undertaking, the appellate court may permit the performance of such act. Section 549, subd. 4, B. & C. Comp. An undertaking was given in this cause, thereby evidencing good faith, and such being the case, the motion to dismiss is denied, and leave is hereby granted to file a new undertaking within thirty days.

DENIED.

---

Decided July 19, 1910.

ON THE MERITS.

[109 Pac. 1092.]

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This suit was commenced August 13, 1907, by J. H. Fildew against J. T. Milner and O. O. Beardsley. The initiatory pleading, omitting its formal parts, is as follows:

"Plaintiff for cause of complaint herein against the above-named defendants alleges: That plaintiff is the owner of the S. W. ¼ of section thirty-one (31), township two (2) north, range five (5) west, Willamette Meridian, in Tillamook County, Oregon; that plaintiff is

in possession of said premises; that defendants herein claim to have some interest in the said land; that said interest as claimed by defendants is inferior and subsequent to this plaintiff. Wherefore, plaintiff prays for a decree herein, that defendants show the nature of their said interest, and that they be forever barred of any right, title or interest thereto, and that this plaintiff be decreed to be the owner of said premises."

The summons was served by publication, but, as it was found by the county judge of that county, who directed the service in the manner pursued, that the post-office address of each of the defendants was unknown, no copy of the summons or complaint was mailed to either of them. No appearance having been made or answer filed within the time prescribed, a decree was rendered April 20, 1908, as prayed for. The defendants and their grantees, H. E. Noble and the Eastern Investment Company, Limited, a corporation, on February 16, 1909, filed a motion to set aside the decree and for leave to file an answer, supplementing the application by affidavits and tendering an answer, in which all the moving parties are joined as defendants. The court, on May 7, 1909, allowed the motion, and the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Oak Nolan.*

For respondents there was a brief over the names of *Mr. H. T. Botts* and *Messrs. Hesse & Beckett,* with oral arguments by *Mr. Botts* and *Mr. H. B. Beckett.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The separate sworn statements of Milner, Beardsley, and Noble are to the effect that on April 2, 1891, Milner acquired the title to the land described, since which time he had been in the peaceable and constructive possession thereof until July 24, 1908, when he sold and conveyed all his interest in the premises to Noble; that Noble was

the president of such corporation; that for sixteen years
Beardsley had been the owner of all the timber on such
real property, and had the right to remove the logs,
wood, etc., as evidenced by a deed executed by J. P. Lewis
and wife to him, but on August 29, 1907, he sold and
conveyed to the corporation named all such timber and
the right to remove it; that prior to August, 1908, neither
of the affiants knew that this suit had been instituted or
that a decree had been rendered therein; and that for
twenty-five years Milner had been a resident of Portland,
was an officer in that city and generally known through-
out Oregon when this suit was commenced; so that if
reasonable effort had been made by the plaintiff or his
attorneys a copy of the complaint and of the summons
could have been mailed to him.

The answer permitted to be filed admits that when
this suit was instituted Milner and Beardsley claimed
to have some interest in the land, but all the other aver-
ments of the complaint are denied. For a further defense
the answer states the facts substantially set forth in the
affidavits to which reference has been made.

2. The voluntary appearance of Milner and Beardsley
in this suit to set aside the decree, and their application
for leave to file an answer, waived all defects in the service
of the summons, and conferred upon the court jurisdic-
tion of their persons. *White* v. *Northwest Stage Co.,* 5
Or. 99; *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758);
*Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002.)

3. The motion to set aside the decree and the request
to file an answer would not cure defects in the complaint,
if it failed to state facts sufficient to constitute a cause of
suit.

4. The remedy prescribed by statute for the relief
invoked by the plaintiff herein is founded on the assertion
of a claim to real estate which is adverse to him. Section
516, B. & C. Comp. The complaint in a suit of this kind

must aver *inter alia,* that the defendant claims an adverse interest in real property: *Zumwalt* v. *Madden,* 23 Or. 185 (31 Pac. 400) ; *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004) ; *Lovelady* v. *Burgess,* 32 Or. 418 (52 Pac. 25) ; *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662) ; *Cooper* v. *Blair,* 50 Or. 394 (92 Pac. 1074) ; *Savage* v. *Savage,* 51 Or. 167 (94. Pac. 182.)

An examination of the primary pleading, a copy of which is hereinbefore set forth, will show that it does not allege that the defendants' claim to the land is hostile to the plaintiff's right thereto, nor is any fact stated from which an antagonistic interest can be inferred. It is therefore ineffectual in this particular, and attention is called thereto, in view of the conclusion we have reached, so that the defect may be remedied by an amendment.

5. Considering the case on its merits, the statute authorizes a court in its discretion and upon such terms as are just, at any time within one year after notice thereof, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. Section 103, B. & C. Comp. It will be remembered that the affidavits, filed in support of the motion for leave to answer, state that the defendants and their grantees had no knowledge of the bringing of this suit or of the rendering of a decree therein until August, 1908, and that on May 7, 1909, or within one year therefrom, the court set aside the decree and permitted an answer to be filed. If the word "notice," as used in the section of the statute last mentioned, is to receive a technical construction, and it is held to mean such information as an inspection of a lien docket would afford, if examined, it is possible that warning of the decree was imparted April 20, 1908, when the relief prayed for in the complaint was granted. The enactment referred to is

remedial, and, for that reason, it should receive a liberal interpretation.

6. So construing the clause we believe the word "notice," as there employed, is intended to be used as a synonym for "knowledge," and signifies that a party against whom a judgment or decree has been rendered, and who has not received a copy of the summons when it was served by publication, has one year after obtaining information of the proceedings within which to apply for relief.

It will be noted that this suit was instituted August 13, 1907; that 16 days thereafter Beardsley sold and conveyed to the corporation the timber and the right to remove it; that the decree was given April 20, 1908; that Milner sold and conveyed to Noble all his interest in the land July 24, 1908, and that neither of these parties had any knowledge of the commencement of the suit or the giving of the decree until August, 1908. The Eastern Investment Company, Limited, a corporation, and Noble sought to be substituted for Milner and Beardsley, but the order of the court brought up for review does not go to that extent, only permitting the corporation and Noble to become parties defendant, and the answer of all the defendants to be filed.

7. No action shall abate by the transfer of any interest therein, if the cause of action continue. Section 38, B. & C. Comp. Notwithstanding a party transfers his interest in the subject-matter of a suit or action *pendente lite,* he may continue the proceedings in his own name for and on behalf of the assignee, since the right of substitution during the litigation is doubtful: *Merriam* v. *Victory Min. Co.,* 37 Or. 321 (56 Pac. 75: 58 Pac. 37: 60 Pac. 997); *Culver* v. *Randle,* 45 Or. 491 ('78 Pac. 394); *Burns* v. *Kennedy,* 49 Or. 588 (90 Pac. 1102.) In view of the rule thus announced, it was proper to permit such grantees to

be made parties defendant, if not to be substituted for their grantors.

8. We think the court was authorized to set aside the decree and to allow an answer to be filed, and in doing so its discretion was not abused. The order appealed from is therefore affirmed, and the cause is remanded for such further proceedings as may be necessary, not inconsistent with this opinion.                           AFFIRMED.