# Fred Hubbard, Plaintiff in Error, v. National Stamping & Electric Works and the Clerk of the Superior Court of Cook County, Defendants in Error.

## Gen. No. 23,974.

1. INFANTS, § 41*—*when satisfaction of judgment by guardian ad litem binding.* The satisfaction, in open court, of a judgment in favor of a minor, by payment to his father, as guardian ad litem, of the amount of such judgment, has all the qualities of a judgment at law and is binding on the minor.

2. APPEAL AND ERROR, § 21*—*when writ of error proper.* Any error in the satisfaction, in open court, of a judgment in favor of a minor, by his guardian ad litem, can be corrected by appeal or writ of error.

3. JUDGMENT—*when equity will not set aside satisfaction of judgment in favor of minor because of existence of adequate remedy at law.* Equity will not interfere and set aside a satisfaction, in open court, by the guardian ad litem of a minor, of a judgment in the latter's favor, where an appropriate remedy at law by appeal or writ of error exists because the time limited by J. & A. ¶ 8654, providing that the period of infancy shall be excluded from computation of the 3-year period for prosecution of a writ of error, has not expired.

4. EQUITY, § 139*—*when bill insufficient.* A bill in equity which fails to offer to do equity is defective.

5. JUDGMENT, § 306*—*when equity jurisdiction to set aside.* A court of equity has jurisdiction to set aside a judgment at law upon proper showing.

6. JUDGMENT—*when bill to set aside satisfaction of judgment insufficient.* A bill to set aside a satisfaction, in open court, by a guardian ad litem of a minor, of a judgment in the latter's favor, *held* insufficient.

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed February 11, 1919.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for plaintiff in error; CHARLES L. COBB, of counsel.

STEDMAN & SOELKE, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Matchett delivered the opinion of the court.

Plaintiff in error seeks to reverse a decree which dismissed his bill for want of equity. A demurrer to the bill having been sustained, complainant moved for leave to amend, which was granted. He did not amend within the time allowed and thereafter upon motion the bill was dismissed. Appellee makes the point that complainant did not elect to stand by his bill; that, by taking leave to amend it, he waived his right to question the rulings of the court upon the demurrer. We are inclined to think there is merit to this contention. *Miller v. McCormick Harvesting Machine Co.*, 84 Ill. App. 571; *Wickham v. Hyde Park Building & Loan Ass'n*, 80 Ill. App. 523; *Bennett v. Union Cent. Life Ins. Co.*, 203 Ill. 439. However, as we have concluded the decree was right upon the merits, we prefer to dispose of the case on that ground.

The material facts alleged by the bill are that the complainant, when a minor about 15 years of age, was employed by the corporation and sustained personal injuries as claimed by reason of its negligence; that he brought suit at law in the Superior Court by his father as next friend, and upon trial by a jury obtained a verdict for $1,375, upon which the court entered judgment; that thereafter the corporation "wrongfully" paid said $1,375 to John C. Hubbard, the father and next friend; that said corporation and said next friend "wrongfully caused said judgment to be satisfied of record in open court and the said John C. Hubbard converted the money so received from the defendant, the National Stamping & Electric Works, to his own use, and your orator did not receive the same or any part thereof, except the sum of $225.00, which the said John C. Hubbard paid over to your orator during your orator's infancy, and of said sum of $225.00 which your orator spent before attaining his majority, your orator expended not to exceed

$50.00 upon necessities"; that at the time of payment said John C. Hubbard was not the guardian of complainant, and never has been, and had no authority to receive payment or cause the judgment to be satisfied; that complainant attained his majority August 17, 1913; that neither before nor since has he received any part of the said $1,375, except as set forth, and that because of said satisfaction the clerk of the Superior Court refused to issue an execution upon said judgment.

The bill was filed July 1, 1915. It made defendants thereto the judgment creditor and the clerk of the Superior Court, and prayed that the record of the satisfaction of judgment might be expunged from the record of the court and the clerk compelled to issue an execution upon the judgment.

Appellant contends that the question raised is settled in his favor by *Paskewie v. East St. Louis & S. Ry. Co.*, 281 Ill. 385. The opinion of the court there states that the principal question raised by the pleadings is whether a judgment in favor of a minor may be satisfied by payment of the amount recovered to the next friend or his attorney. The court held in the absence of a statute it might not be so satisfied, and while appellee argues here to the contrary, we think the decision binding on us. We do not think, however, that it is conclusive of the questions raised on this record. That was a suit at law,—this is a suit in equity. The payment there pleaded, unlike that here alleged, was made without the sanction of the court. While the bill is indefinite in some respects we think it may be inferred from the allegation that the guardian *ad litem* "caused said judgment to be satisfied of record in open court"; that the court entered of record a finding and judgment of satisfaction. The satisfaction of the judgment, therefore, became a solemn judicial act in which the court had jurisdiction, and is clearly distinguishable from a satisfaction entered on the record by a plaintiff in a case, or by some person

acting for him. *State v. Martin,* 20 Ark. 629. We think, therefore, the satisfaction here considered must be deemed to have the qualities of a judgment at law. If so, the fact that complainant was a minor would not make the judgment less binding on him. *Chudleigh v. Chicago, R. I. & P. Ry. Co.,* 51 Ill. App. 491. If the order of the court was erroneous, the error could be corrected by appeal, by writ of error, or in other appropriate way. By force of the statute, see J. & A. ch. 110, sec. 117, ¶ 8654, the minority of complainant extended the time allowed to have the alleged errors reviewed and corrected. This time had not expired when the complainant filed his bill. If facts existed which made it impossible for complainant to have these errors so reviewed and corrected, they are not set up in the bill. There is nothing alleged therein which would indicate that the courts at law could not give a full, adequate and complete remedy for the supposed wrong to complainant. The general rule undoubtedly is that where complainant has a full, adequate and complete remedy at law, courts of equity will not interfere.

We have examined the cases cited by appellant. *Cody v. Roane Iron Co.,* 105 Tenn. 515, is the only one of these which we think holds that the remedy of complainant in such a case is in equity. There the point that complainant had an adequate, full and complete remedy at law does not seem to have been either raised or discussed.

We think, too, the bill is defective in that it fails to offer to do equity. A court of equity has jurisdiction to set aside a judgment at law upon proper showing, but the facts set forth in this bill are not sufficient to call for its intervention. *Harding v. Hawkins,* 141 Ill. 572; *Friedberg v. DePew,* 200 Ill. App. 398; *Simpson v. Simpson,* 273 Ill. 90.

The decree of the Circuit Court will be affirmed.

*Affirmed.*