Argued March 26, affirmed May 19, 1925.

# E. C. HERRICK *v.* CLYDE E. R. WALLACE ET AL.

(236 Pac. 471.)

**Judgment—Relief from Judgment That has Been Paid may be had on Motion.**

1. Relief from a judgment which has been paid may be had on motion, which form of procedure has superseded common-law remedy by *audita querela*, and issue is made for jury.

**Jury—Right to Jury Hearing, on Motion for Satisfaction of Judgment, may be Waived.**

2. Right to jury hearing, on motion for satisfaction of judgment, may be waived.

**Judgment—Ordering Entry of Satisfaction of Judgment has Qualities of Judgment at Law.**

3. Ordering entry of satisfaction of judgment, on application therefor, has the qualities of a judgment at law.

---

1. See 15 R. C. L. 830.

Appeal and Error—Order, on Motion to Require Satisfaction of Judgment, is Appealable.

4. An order, entered on motion to require satisfaction of judgment, is appealable.

Process—Service on Former Attorney Insufficient.

5. Service of notice of motion to require satisfaction of judgment, made four years after entry of judgment, on plaintiff's attorney therein, who had ceased to be his attorney more than three years prior to the filing of the motion, *held* insufficient, in view of Section 1083, Or. L.

Judgment—Notice of Motion to Enter Satisfaction of Judgment Indispensable.

6. Notice of motion to enter satisfaction of judgment is indispensable, and without it court has no jurisdiction to make valid order, directing satisfaction of judgment, as no one can be condemned in his person or property without a day in court.

Judgment—Premature Judgment Erroneous, and Subject to Reversal or Motion to Vacate.

7. A premature judgment is erroneous, and subject to reversal or motion to vacate.

Appearance—Failure of Notice of Hearing, on Motion to Enter Satisfaction of Judgment, Waived by Appearance.

8. Where, soon after entry of order satisfying judgment, judgment creditor moved that satisfaction be set aside and motion was argued on its merits and denied, such action *held* to constitute a voluntary appearance, and to waive objection to failure to properly serve notice of hearing.

Appearance—Party may Appear Specially to Object to Jurisdiction of Court Over Him.

9. A party may appear specially to object to jurisdiction of court over him.

Appearance—General Appearance Held to Waive All Irregularities in Service of Process.

10. General appearance to defend on merits of cause *held* to waive all irregularities in service of process.

Judgment—Order, Refusing to Set Aside Satisfaction of Judgment on Motion, Held to Estop Creditor from Subsequently Assailing Order.

11. Where, short time after order of satisfaction of judgment was entered, judgment creditor moved that same be vacated, order, denying motion, *held* to bar further attack on validity of satisfaction of judgment.

---

4. See 2 R. C. L. 39; 15 R. C. L. 831.
6. See 15 R. C. L. 700.
8. See 2 R. C. L. 332.
9. See 2 R. C. L. 327.
10. See 2 R. C. L. 336.

From Lane: G. F. SKIPWORTH, Judge.

Department 2.

This is a suit in equity, brought by the plaintiff for the purpose of canceling a satisfaction of judgment.

On November 18, 1914, E. C. Herrick, plaintiff herein, recovered judgment against Clyde E. R. Wallace and Laura E. Crooks for the sum of $2,447.57, together with costs and attorney's fees in the further sum of $219.75. On February 13, 1919, the defendants, basing their application upon an affidavit of defendant Laura E. Crooks, filed in the Circuit Court of the State of Oregon for Lane County, a motion to require the plaintiff to satisfy the judgment. Upon application of defendants, the judge of the Circuit Court made an order requiring plaintiff to appear in that court and cause on March 4, 1919, at 10 o'clock A. M., to show cause why an order should not be made canceling his judgment as demanded in the motion. The court ordered that a copy of the motion and affidavit, together with a copy of the order, be personally served upon the plaintiff and upon A. N. Orcutt, his attorney of record, at least ten days prior to the time of the hearing of the motion. On February 21, 1919, the motion was served upon A. N. Orcutt, who acknowledged service thereof in an affidavit concluding:

"I further state that I am not now and have not been for several years the attorney for E. C. Herrick and have no authority in the above case and do not know facts in regard to the payment or settlement of said judgment."

That acknowledgment of service was filed on February 21, 1919. Proof of service on the plaintiff,

made by the sheriff of Weber County, Utah, and filed in the Circuit Court on March 8, 1919, recites:

"That on the 25th day of February, 1919, I personally served upon E. C. Herrick at Ogden, in said Weber county, Utah, a copy of the motion, affidavit and order hereto attached, by delivering to said E. C. Herrick, in person, such copy, duly certified * * ."

Neither the plaintiff nor his former attorney appeared; and, without any other or further notice of the hearing of the motion than that contained in the papers served as hereinbefore stated, the court made and caused to be filed therein an order directing the clerk of the court to enter satisfaction of the judgment.

The plaintiff institutes this suit in equity to cancel that satisfaction, and avers that he has no plain, speedy or adequate remedy at law, and that unless relief be granted which only a court of equity has power to grant in the premises, he will suffer irreparable injury. He avers the facts showing the want of jurisdiction in the court to make the entry of satisfaction. He alleges that plaintiff did refuse to satisfy the judgment, and sets forth a statement of facts tending to show that the indebtedness evidenced by the judgment never has been paid.

Defendants Maude F. Beebe and David Barnard are made parties to this suit by reason of the fact that they purchased certain real property upon which it is claimed that the judgment was a lien. Plaintiff avers that they purchased with knowledge. They plead that the plaintiff is estopped from maintaining this suit. Barnard, in answering, sets out, and makes a part of his answer, copies of motion and affidavit filed by plaintiff on April 19, 1919, seeking the cancellation of the satisfaction of judgment for

the purpose of defending upon the merits. The answer avers:

"That the issues presented by the said motion and affidavit came on before the court in due and regular order for hearing and final determination * * ; that the said motion and affidavit were argued before the court * * and the issues raised thereby were submitted to the court * * ; that the said court took the same under advisement, and after being duly advised in the premises the said court duly made and entered a judgment and order denying the said motion and refusing to render unto the plaintiff any relief upon his said motion and affidavit."

The defendant then by averment makes the order a part of his answer, and alleges:

"And this answering defendant further states that, because of the said order and judgment, refusing to cancel and set aside the satisfaction of the said judgment, the plaintiff is and of right ought to be concluded and estopped forever from questioning or assailing the validity of the order duly given and made by the court in said action on March 11, 1919."

Defendant Maude F. Beebe filed a similar answer.

The plaintiff filed a demurrer to the further and separate answers and defenses of defendants Beebe and Barnard, which was overruled by the court. The plaintiff refusing to plead further, a decree was entered in favor of defendants Maude F. Beebe and David Barnard.

Plaintiff, appealing, asserts that the court erred in overruling his demurrers and dismissing his suit against defendants Maude F. Beebe and David Barnard.                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Albert Abraham.*

For respondents Maude F. Beebe and David Barnard there was a brief and oral argument by *Mr. H. E. Slattery.*

BROWN, J.—The question here involved relates to the validity of the proceedings had by motion to satisfy plaintiff's judgment.

1. Relief from a judgment that has been paid may be had on motion, which form of procedure, in general practice, has, in most of the states, superseded the remedy by *audita querela* derived from the common law: See 6 C. J. 851.

Speaking further of procedure, the Supreme Court of Illinois, in discussing cases of this character, wrote:

"In cases arising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela,* and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact." *Harding* v. *Hawkins,* 141 Ill. 572, 584 (31 N. E. 307, 309, 33 Am. St. Rep. 347).

2. However, the right to a hearing by jury may be waived. 2 Freeman on Judgments (5 ed.), p. 2405, thus states a rule that has frequently been announced:

"But under a statute authorizing the court to act upon motion, it is held in some cases that the controverted matters may be determined on affidavits, at least in the absence of any demand for a different method of trial."

For a full discussion of the procedure in this class of cases, instituted for the purpose of compelling the satisfaction of a judgment or the vacation of a satisfaction of judgment, see 2 Freeman on Judg-

ments (5 ed.) §§ 1163–1166; 34 C. J., §§ 1118–1138; 19 Ency. Plead. & Prac., pp. 122–153.

3. In ordering an entry of satisfaction of a judgment upon an application therefor, the court acts judicially: 19 Ency. Plead. & Prac., 124. It follows that the satisfaction involved herein has the qualities of a judgment at law: *Hubbard* v. *National Stamping & Electric Works et al.*, 213 Ill. App. 235.

4. The question of the plaintiff's right of appeal has been discussed by the respective parties. An order entered upon a motion to require satisfaction of a judgment is appealable: See *Lawrence* v. *Dickey*, 12 N. J. Law, 368; 34 C. J., § 1128, Judgments; 19 Ency. Plead. & Prac. 137. But the plaintiff failed to exercise his right of appeal.

5. The clerk entered the satisfaction of plaintiff's judgment pursuant to the direction of the court after it had decided that the judgment had been fully paid. The plaintiff asserts the invalidity of the order by reason of the lack of service of process. The proceeding to require satisfaction of the judgment was commenced about four years after the plaintiff procured it. The plaintiff had become an inhabitant of another state. The record shows that more than three years prior to the filing of the motion to satisfy the judgment, the relation of attorney and client had ceased to exist between plaintiff and A. N. Orcutt, the attorney who represented him in the suit when the judgment was obtained: See Or. L., § 1083.

6. Before a hearing upon the motion to enter satisfaction was had, notice of such motion to the plaintiff was indispensable. Likewise, plaintiff had a right to be heard before the entry of judgment. Obviously, process was not served upon the plaintiff in accordance with the direction of the court or of

the statute, and the court was without jurisdiction to make a valid order directing satisfaction of the judgment. It is a cardinal principle in the administration of justice that no one can be condemned in his person or property without his day in court: 1 Freeman on Judgments (5 ed.), § 333.

7. A premature entry of judgment is undoubtedly erroneous, and subject to reversal or motion to vacate on that ground: 3 Freeman on Judgments (5 ed.), § 1289. As to the efficacy of the judgment, see *Woodward* v. *Baker,* 10 Or. 491; *Altman* v. *School District No. 6,* 35 Or. 85 (56 Pac. 291, 76 Am. St. Rep. 468); *Hodgdon* v. *Goodspeed,* 60 Or. 1 (118 Pac. 167); 3 Freeman on Judgments (5 ed.), § 1284.

8. Notwithstanding our holding that there was not valid service of process in this case, yet the plaintiff is not in a position to complain. Soon after the court had entered its order satisfying the mortgage, the plaintiff filed a general appearance in the proceedings brought to satisfy his judgment, and asked permission to defend upon the merits. The motion reads, in part, as follows (omitting title of court and cause):

"Comes now the plaintiff, E. C. Herrick, and moves the court for an order setting aside the satisfaction of judgment herein in the above-named matter, based on the affidavit attached hereto, marked 'Exhibit A' and made a part of this motion.

"L. M. TRAVIS,
"Attorney for Plaintiff."

The affidavit states, among other things:

"That the said judgment has not been paid or satisfied, either in whole or in part, and that the entire amount of the same, with interest thereon and costs, is still due to this affiant as plaintiff herein; * *

that I have full and complete defense thereto, as I am advised and as I firmly believe; that I am desirous that said order directing a satisfaction of said judgment be set aside, in order that I may be heard therein.''

Manifestly, this was a general appearance in the proceedings, by motion. Its object, as stated, was to set aside the order of satisfaction for the purpose of a hearing on the merits. The merits related to the payment of the judgment debt due plaintiff. These defendants pleaded that the issues came on for hearing and determination by the court, and that the issue relating to the payment of the judgment was submitted to the court and determined by its decision contrary to the allegation of plaintiff's motion.

The plaintiff in this cause has made a voluntary appearance that effectually bars his contention that the court's judgment of satisfaction was made in the absence of sufficient service of process.

9, 10. That a party may appear specially to object to the jurisdiction of the court over him is settled beyond peradventure: *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557); *Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002); *Meyer* v. *Brooks,* 29 Or. 203 (44 Pac. 281, 54 Am. St. Rep 790); *Winter* v. *Union Packing Co.,* 51 Or. 97 (93 Pac. 930); *Whittier* v. *Woods,* 57 Or. 432 (112 Pac. 408). And it is equally well setuled by the decisions of this court that under the practice in Oregon, where a party appears generally and asks to plead and defend upon the merits of the cause, he waives all irregularities in the service of process: *Rogue River Mining Co.* v. *Walker,* 1 Or. 341; *Harker* v. *Fahie,* 2 Or. 89; *White* v. *Northwest Stage Co.,* 5 Or. 99; *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758); *Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002);

*Waymire* v. *Shipley,* 52 Or. 464, 469 (97 Pac. 807);
*Multnomah Lbr. Co.* v. *Weston Basket Co.,* 54 Or. 22
(99 Pac. 1046, 102 Pac. 1); *Anderson* v. *McClellan,*
54 Or. 206 (102 Pac. 1015); *Fildew* v. *Milner,* 57 Or.
16 (109 Pac. 1092); *Jones* v. *Jones,* 59 Or. 308 (117
Pac. 414); *Sit You Gune* v. *Hurd,* 61 Or. 182 (120
Pac. 737, 1135). This is true in this jurisdiction,
whether the party appears before or after judgment.

In the case of *Osburn* v. *Maata,* 66 Or. 558, 561
(135 Pac. 165, 167), wherein the question of service
by publication of summons was involved, the court,
speaking through Mr. Justice BEAN, said:

"When the defendants appeared and asked leave
to answer to the merits, they waived their right to
object to the decree for want of proper service of
summons, although they made their appearance after
the decree was entered."

To the same effect are *Belknap* v. *Charlton, supra;
Mayer* v. *Mayer, supra; Felts* v. *Boyer,* 73 Or. 83,
93 (144 Pac. 420).

In *Duncan Lbr. Co.* v. *Willapa Lbr. Co.,* 93 Or. 386
(182 Pac. 172, 183 Pac. 476), this court denominated
the case of *Belknap* v. *Charlton, supra,* as the lead-
ing case on this subject in our jurisdiction. In the
Belknap case, 25 Or. 41, 45, 46 (34 Pac. 758, 759),
Mr. Justice BEAN wrote:

"It is claimed by the plaintiffs that while a de-
fendant may appear specially to object ro the juris-
diction of the court over him on account of the illegal
service of process, * * he must keep out of court for
every other purpose, and that any appearance which
calls into action the power of the court for any pur-
pose except to decide upon its own jurisdiction is a
general appearance, and waives all defects in the
service of process, and many authorities are cited to
sustain this position. The principle to be extracted
114 Or.—34

from the decisions on this subject is that, where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special purpose or not (citing authorities). This seems to be a reasonable rule, and one which will adequately protect the rights of the parties, and it determines the effect of defendant's appearance from the nature of the relief which he seeks to obtain.''

A much cited case is *Burdette* v. *Corgan*, 26 Kan. 102, and it is directly in point. In a number of decisions this court has cited that case as authority for the doctrine that, when a party appears, either before or after judgment, with a request to plead to the merits of the cause, he waives all irregularities in the service of process, without regard to whether he is permitted to file an answer or not: *Belknap* v. *Charlton, supra; Mayer* v. *Mayer, supra.* In the latter case, the court quotes the following from Mr. Justice BREWER, who rendered the opinion for the Kansas court in the case alluded to above:

"A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is familiar doctrine.''

"One who is objecting to a judgment on the ground that it was rendered without personal jurisdiction must limit his subsequent appearance in the case to the sole purpose of having the judgment vacated. In this, as in any other case, any act which amounts to

a general appearance confers jurisdiction and defeats any objection based on its lack." 1 Freeman on Judgments (5 ed.), p. 530.

To like effect is 4 C. J., § 64, Appearances.

We are aware that there is a line of decisions to the contrary; but we are bound to follow the holdings of the court in our own jurisdiction.

11. The court solemnly found that the judgment involved herein had been paid and satisfied in full and that the plaintiff had failed to make proper entry thereof, and adjudged that the clerk be directed to enter satisfaction thereof on the judgment docket. That decision has never been vacated. Hence, the court did not err in overruling plaintiff's demurrers.

This case is affirmed.    AFFIRMED.

McBRIDE, C. J., and BEAN and BURNETT, JJ., concur.