Argued 11 September; decided 8 October, 1900.

## FLEMING v. CARSON.

[ 62 Pac. 374.]

DISSOLUTION OF PARTNERSHIP—RECEIVER.

1. In a suit for the dissolution of a partnership it is proper to appoint a receiver, if necessary to protect the property involved, or if the members of the firm cannot agree on an adjustment.

RECEIVER—PROPRIETY OF APPOINTING.

2. On appeal in a suit for the dissolution of a partnership, the appointment of a receiver and proceedings thereunder will not be disturbed on the ground that the findings of the court on final hearing did not show cause for the appointment, if the appointment was justified when made.

PRESUMPTION THAT RECEIVERSHIP WAS PROPER.

3. The appointment of a receiver will not be disturbed on appeal in the absence of the evidence on which the lower court proceeded.

DISSOLUTION OF PARTNERSHIP—PROPRIETY OF APPOINTING RECEIVER.

4. In a suit for an accounting and winding up of a partnership, it was proper for the court to direct a receiver to sell the partnership property in order to finally adjust the firm's affiairs.

DISSOLVING PARTNERSHIP—COSTS.

5. In a suit to dissolve a partnership the court expenses would ordinarily be chargeable against the assets, unless one partner was at fault so that he should be charged with costs as a punishment.

From Marion : HENRY H. HEWITT, Judge.

This is a suit by R. J. Fleming against John A. Carson for the settlement of a copartnership, for an injunction, and for the appointment of a receiver to take charge of the assets and wind up the business of the concern. On January 7, 1898, the cause being then at issue, an application was made for the appointment of a receiver, to defeat which the defendant offered to give a bond, in an amount to be fixed by the court, to satisfy any decree that might be rendered in favor of the plaintiff. The court, however, after hearing evidence and the arguments of the respective parties thereon, made the appointment, with authority to collect outstanding notes and accounts, and settle the firm business, but left the law books, office furniture and fixtures with the defendant, enjoining him

against their disposal. On June 30 following, after a hearing upon the merits of the controversy, the court filed its findings of fact and law, showing, in substance, that the parties entered into a copartnership on June 2, 1894, indefinite in duration, the plaintiff to receive one-third and the defendant two-thirds of the proceeds of the business after the payment of expenses; that they continued in business until November 28, 1897, when the partnership was dissolved by mutual consent; that a settlement was had between them on May 10, 1896, but none since; that the firm was the owner of certain enumerated articles of personal property. Then follows a statement of account between the parties, whereby it is ascertained that the plaintiff had come into the possession of $1,313.81, and the defendant of $3,066.20, of the funds of the concern, showing that defendant had drawn $146.19 more than his proportion. From these findings it was concluded that the plaintiff was entitled to recover from the defendant the sum of $146.19, that the property of the firm should be sold by the receiver, and the proceeds divided between the parties, and that plaintiff recover from the defendant his costs and disbursements. A decree was entered in pursuance of these findings, and defendant appeals. Neither the evidence upon which the order appointing the receiver was based nor that which was produced at the final hearing accompanies the record.                           MODIFIED.

For appellant there was a brief over the names of *Geo. G. Bingham, D'Arcy & Richardson*, and *H. J. Bigger*, with an oral argument by *Messrs. Bingham* and *Bigger*.

For respondent there was a brief over the names of *Wm. H. Holmes* and *Tilmon Ford*, with an oral argument by *Mr. Holmes* and *Mr. Woodson T. Slater*.

PER CURIAM. 1. It is not sought by the appeal to disturb the findings of the court below in so far as they pertain to the accounting, and the amount found and decreed to be due the plaintiff from the defendant in pursuance thereof; but it is urged that the lower court erred— first, in appointing the receiver; second, in decreeing the sale of the partnership property and a division of the proceeds; and, third, in allowing costs against the defendant. The appointment of a receiver rests within the sound discretion of the court, but such discretion is judicial in character, and subject to review on appeal. Generally speaking, the exigencies justifying the appointment are that the plaintiff is reasonably certain to prevail, and that it is necessary to the preservation of the property involved, and the protection of the rights of all parties as their interests may appear upon the final adjudication. The rule is applicable as well where it concerns partnership matters, each partner ordinarily having an equal right to a voice in the management of the concern and in controlling the funds and assets. It has been judicially determined that, when a dissolution has taken place, and the members of the firm cannot agree upon an adjustment, a situation exists furnishing grounds for the appointment of a receiver: Smith, Rec. §§ 191, 205; *Law* v. *Ford*, 2 Paige, 310; *Whitman* v. *Robinson*, 21 Md. 30. The issue is involved in the case at bar, and is sufficient, if the evidence warranted it, to support the appointment. As the evidence is not here, however, we cannot consider it, and must, therefore, presume that it was also sufficient.

2. It is further suggested in this connection that the findings of the court upon the final hearing do not show that any cause existed for the appointment; but the question of the propriety of having a receiver does not appear to have been again presented at that time, and it

is sufficient if the order of appointment is justified by the consideration of the court at the time it was made.

3. It is further insisted that, as the defendant proffered a bond to meet the approval of the court for the satisfaction of any decree that might be rendered in favor of the plaintiff, the court ought not to have made the appointment. In some instances such an undertaking will obviate and relieve the necessity for a receiver (*Buchanan* v. *Comstock*, 57 Barb. 568 ; *Saverios* v. *Levy*, 1 N. Y. St. Rep. 758 : *Popper* v. *Scheider*, 7 Abb. Prac. [N. S.] 56); but in the present instance the defendant is in possession of the property, while the plaintiff has an equal right thereto pending adjustment, and, the court having passed upon the propriety of the appointment, we cannot assume to disturb its action in the absence of the proofs upon which its judgment was based.

4. The receiver was authorized to direct a sale of the property, consisting of law books, bookcases, files, office furniture, and fixtures. The suit being for an accounting and a winding up of the copartnership affairs, either party could have insisted upon a sale; but, in any event, it seems to be the approved method for settling claims against the firm, cross demands of the copartners, and finally adjusting the affairs of the concern : 17 Am. & Eng. Enc. Law (1 ed.), 1296.

5. As it pertains to the allowance of costs, that is also a matter of discretion for the lower court; not arbitrarily, but judicially, exercised. As a general rule, in cases of this kind, the costs should be charged to the fund, either where the suit is necessary or beneficial to both parties, or where both are in fault; and may be imposed upon one party only, as a punishment, if he has been guilty of misconduct rendering necessary a resort to legal proceedings : 17 Am. & Eng. Enc. Law (1 ed.), 1295. We have recourse to the findings of the court

below only for a determination of the question, the evidence not having been brought up. They should support the decree; but there is nothing contained therein which tends in any manner to show that the defendant has been guilty of misconduct, or has done any act to warrant the allowance of costs against him as a punishment. From all that appears, the costs of this litigation have been incurred as a necessary expense in closing up the concerns of the copartnership, and should, therefore, be paid out of the copartnership assets: *Caldwell* v. *Leiber*, 7 Paige, 483, 508; *Gyger's Appeal*, 62 Pa. St. 73, 81 (1 Am. Rep. 382). The decree of the court below will therefore be modified so as to require the payment of costs out of the funds of the copartnership, and the costs attending the appeal will be adjusted by the same standard.                           MODIFIED.

Decided 2 July, 1900.