Argued June 2, affirmed June 13, 1916.

## SPORES v. MAUDE.*

(158 Pac. 169.)

**Dismissal and Nonsuit—Suits in Equity—Remedies at Law.**

1. In view of Sections 1, 389, L. O. L., in Oregon a distinction is made between actions at law and suits in equity, and although courts of law and equity are presided over by the same judges, a suit in equity must be dismissed where there is a remedy at law.

**Attachment—Statute—Strict Compliance.**

2. Under Section 295, L. O. L., providing for attachment upon an unsecured contract for the direct payment of money or upon contract where defendant is a nonresident, the attachment was an ancillary provisional remedy and the statute must be strictly followed or no right is thereby acquired.

**Reformation of Instruments—Nature of Remedy.**

3. The reformation of a deed is a remedy peculiar to a court of equity.

*For authorities on the question of relief from mistake of law as to effect of instrument, see comprehensive note in 28 L. R. A. (N. S.) 785.                        REPORTER.

**Attachment—In Equitable Action.**

4. In a suit in equity, jurisdiction is not acquired by the attachment of property of a nonresident defendant, so as to authorize the court, upon service of summons by publication, to order the condemnation and sale of the land to satisfy the judgment.

**Costs—Nature of Remedy.**

5. Under Section 561, L. O. L., costs are certain sums of money prescribed by statute as indemnity on account of attorney fees in prosecuting or defending a suit or action.

**Costs—In Equity—Discretionary.**

6. Under Section 567, L. O. L., the allowance of costs in a suit in equity is a matter resting in the sound discretion of the court.

**Appearance—Special Appearance.**

7. Under Section 542, L. O. L., providing that a defendant appears when he answers, demurs or gives written notice of appearance, and Section 63, making a voluntary appearance equivalent to personal service, an oral question of counsel as to the allowance of costs, where his motion on special appearance to dismiss an attachment has been granted, is not a general appearance.

[As to test of whether appearance is general or special, see note in Ann. Cas. 1914A, 1189.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by George W. Spores and Josie Spores against Eustace Maude and Amy Maude to reform a deed and to recover a sum of money. The complaint alleges in effect that on October 20, 1909, the defendants were the owners of two lots, particularly describing them, in Springfield, Oregon, and then orally agreed to sell and convey the real property to the plaintiffs clear of all encumbrances, and particularly free from the expense of constructing in front of such premises a cement sidewalk, curb and gutter, which improvements had then been completed, but no assessment therefor had been made; that the plaintiffs paid $4,000, the stipulated consideration, to the defendants, who executed to them a deed of general warranty; that it was mutually understood by the par-

ties that such covenant was sufficient to include the
assessment so to be made, and the deed was accepted
by the plaintiffs, who relied upon the oral agreement
that they would not be required to pay for such im-
provement, and they supposed the defendants had dis-
charged that obligation until about November 1, 1914,
when the lots were advertised to be sold for $170.74,
the amount of the delinquent assessment, interest and
costs; that the defendants have not paid any part of
that sum, and refuse to make such payment because
no entry had been made on the docket of city liens
when the deed was executed, and there was therefore
no breach of the covenant of warranty.

The prayer of the complaint is that the deed may
be corrected so as to insert therein a covenant that
the defendants will pay the expense of such improve-
ment; that upon such reformation they be decreed to
pay the plaintiffs $170.74, with interest and the costs
and disbursements herein; that if the defendants fail
or refuse to make such payment within 20 days from
the date of the decree, the plaintiffs may be permitted
to sell upon execution the defendants' real property
which has been attached herein. A summons was is-
sued in this suit, and an affidavit for an attachment
having been made and an undertaking therefor given
and filed, a writ was issued, pursuant to which real
property of the defendants in Lane County, Oregon,
was undertaken to be attached, and they, being non-
residents of this state, the summons was served by
publication. The defendants, appearing specially,
moved to set aside such attempted service and to dis-
solve the attachment on the ground that no writ there-
for can be legally issued in a suit in equity. This ap-
plication being heard, the court orally remarked: ''The
defendants' motion to quash the summons and the writ

of attachment is sustained." To this observation, the defendant's counsel verbally inquired: "With costs?" The court replied: "With costs." Thereupon a verified itemized cost bill, amounting to $12.50, was filed. Upon motion, however, of the plaintiffs' counsel the costs were retaxed at $7.50, and a judgment was entered therefor, and also setting aside the attempted service of the summons by publication and dissolving the attachment. The costs and disbursements so taxed having been paid, the judgment was satisfied on the record. Thereupon the plaintiffs' counsel moved for an order fixing the time within which the defendants should be required to answer, demur or plead, or, failing to comply therewith, that their default be entered of record. This motion was denied, and from such determination the plaintiffs appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. John H. Bower.*

For respondents there was a brief and an oral argument by *Mr. Jay L. Lewis.*

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. In Oregon a distinction is made between actions at law and suits in equity, the former being designated as an "action" while the latter is called a "suit": Sections 1, 389, L. O. L. Courts of law and of equity, though presided over by the same judge, have separate jurisdictions, and where there is a remedy at law, a suit in equity must be dismissed: *Abernethy* v. *Orton,* 42 Or. 437 (71 Pac. 327, 95 Am. St. Rep. 774); *Cohn* v. *Wemme,* 47 Or. 146 (81 Pac. 981, 8 Ann. Cas. 508); *Chauncey* v. *Woolenberg,* 59 Or. 214 (115 Pac. 419). After a summons has been issued in an action upon a contract for the direct payment of money, which is not

secured, or in an action upon a contract against a defendant not residing in Oregon, a writ of attachment may be issued as security for the satisfaction of any judgment that may be rendered therein: Section 295, L. O. L. An attachment is an ancillary provisional remedy created by statute, and unless the enactment conferring the privilege upon a plaintiff in an action at law is strictly pursued, no right is thereby acquired: *Schneider* v. *Sears,* 13 Or. 69 (8 Pac. 841); *White* v. *Johnson,* 27 Or. 282 (40 Pac. 511, 50 Am. St. Rep. 726); *Dickson* v. *Black,* 32 Or. 217 (51 Pac. 727); *McDowell* v. *Parry,* 45 Or. 99 (76 Pac. 1081). A text-writer, in discussing this species of mesne process, by which a writ is issued, commanding the seizure of property to be held as security for the satisfaction of a judgment, observes:

"Nothing more distinctly characterizes the whole system of remedy by attachment, than that it is, except in some states where it is authorized in chancery, a special remedy at law, belonging exclusively to a court of law, and to be resorted to and pursued in conformity with the terms of the law conferring it, and that where, from a conflict of jurisdiction, or from other cause, the remedy by attachment is not full and complete, a court of equity has no power to pass any order to aid or perfect it": Drake, Attach. (7 ed.), Section 4a.

See, also, *Fischer* v. *Gaither,* 32 Or. 161 (51 Pac. 736).

3. The principal relief sought herein is the reformation of a deed, a remedy which is peculiar to a court of equity: *Lewis* v. *Lewis,* 5 Or. 169; *Stephens* v. *Murton,* 6 Or. 193; *Ramsey* v. *Loomis,* 6 Or. 367; *Hyland* v. *Hyland,* 19 Or. 51 (23 Pac. 811). Whether or not the alleged mutual mistake of the parties to this suit in failing to insert in the covenant of warranty the

defendants' stipulation to pay the expenses of the street improvement, when subsequently levied, was such a mistake of law that a court of equity will correct the blunder is not necessary to a discussion herein. Upon this subject, however, see the extensive notes to the case of *Dolvin* v. *American Harrow Co.,* 28 L. R. A. (N. S.) 785.

4–7. In any event, this is a suit and not an action, and hence the attachment of the *res* did not confer such a jurisdiction of the real property upon which the writ was levied so as to authorize the court, upon a service of the summons by publication, to condemn the land and order it to be sold to satisfy the sum to be recovered.

The remaining question is whether or not the defendants' appearance in moving to set aside the attempted service of the summons and to dissolve the attachment gave the court jurisdiction of their persons. It seems to be conceded by plaintiffs' counsel that the special appearance was insufficient for that purpose, but he maintains that when the defendants' counsel orally asked for the allowance of costs and disbursements, upon the granting of his motion, a general appearance was thus made, and, this being so, an error was committed in denying the motion to fix the time within which his clients should have been required to answer, demur or plead. Costs are certain sums of money prescribed by statute as indemnity to a party on account of attorney fees in prosecuting a suit or an action or in maintaining a defense therein: Section 561, L. O. L.; *Sommer* v. *Compton,* 53 Or. 341 (100 Pac. 289). In a suit in equity the allowance of costs is a matter resting in the sound discretion of the court awarding or denying them: Section 567, L. O. L.; *Lovejoy* v. *Chapman,* 23 Or. 571 (32 Pac. 687); *Cole* v.

*Logan,* 24 Or. 304 (33 Pac. 568) ; *Fleming* v. *Carson,* 37 Or. 252 (62 Pac. 374). The statute declares:

"A defendant appears in an action or suit when he answers, demurs, or gives the plaintiff written notice of his appearance": Section 542, L. O. L.

"A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him": Id., § 63.

In *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557), it was ruled that a special appearance, designating the particular purpose for which it was made, limits the appearance to that distinct matter so specified. In referring to that case, in *Belknap* v. *Charlton,* 25 Or. 46 (34 Pac. 759), Mr. Justice Bean remarks:

"The principle to be extracted from the decisions on this subject is that, where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special purpose or not."

In that case, it is further observed:

"A defendant may appear and submit himself to the jurisdiction of the court in many ways, without either answering, demurring or giving plaintiff written notice of his appearance. He may do this by appearing in person, or by attorney in open court, by attacking the complaint by motion, or by an application for a continuance, and in many other ways which will readily suggest themselves to one familiar with the course of judicial proceedings."

To the same effect, see, also, *Carter* v. *Koshland,* 12 Or. 492, 498 (8 Pac. 556).

In *Whipple* v. *Southern Pacific Co.,* 34 Or. 370 (55 Pac. 975), however, it was held that the bodily presence of a defendant by his attorney in a justice's court,

where no written answer was required, was not an appearance within the meaning of our statute: Section 542, L. O. L. The conclusion thus reached is founded upon the decision rendered in the case of *McCoy* v. *Bell*, 1 Wash. 504 (20 Pac. 595), where a statute almost identical with ours was construed.

"Formerly, an appearance was by actual presence in court, either in person or by attorney, and such appearance still exists in contemplation of law": 3 Cyc. 503.

In *Rogers* v. *Penobscot Min. Co.*, 28 S. D. 72, 79 (132 N. W. 792, 795, Ann. Cas. 1914A, 1184, 1187), it is said:

"The test as to whether an appearance is special or general is the relief asked; and in determining the character of an appearance the court will always look to matters of substance rather than to matters of form."

See, also, the case of *Davis* v. *Cleveland etc. R. Co.*, 217 U. S. 157 (54 L. Ed. 708, 18 Ann. Cas. 913, 27 L. R. A. (N. S.) 823, 30 Sup. Ct. Rep. 463), where it was held a nonresident whose property had been attached, but who had not been served with process, might appear specially to contest the attachment on the ground that the property was not subject to attachment. Our decisions are to the same effect: *Mayer* v. *Mayer*, 27 Or. 133 (39 Pac. 1002); *Meyer* v. *Brooks*, 29 Or. 203 (44 Pac. 281, 54 Am. St. Rep. 790); *Smith* v. *Day*, 39 Or. 531 (64 Pac. 812, 65 Pac. 1055); *Fildew* v. *Milner*, 57 Or. 16 (109 Pac. 1092); *Whittier* v. *Woods*, 57 Or. 432 (112 Pac. 408); *Sit You Gune* v. *Hurd*, 61 Or. 182 (120 Pac. 737, 1135); *Felts* v. *Boyer*, 73 Or. 83 (144 Pac. 420). Section 542, L. O. L., expressly prescribes the several ways in which a defendant in a civil action

appears. These specifications impliedly exclude all others.

It is believed the instances suggested, by motion, etc., in *Belknap* v. *Charlton,* 25 Or. 46 (34 Pac. 759), relate to written applications addressed by a defendant to a court for orders, which solicitations are appearances and equivalent to written notices given to the plaintiff, and that, in the absence of an answer, a demurrer, or some written notice given to the plaintiff or filed in the cause, a defendant or his attorney, though corporeally present in court, has not appeared in the action within the rule prescribed by the enactment. Any other conclusion might give rise to contention between the parties as to what one of them had orally demanded in a case of special appearance, thus leaving in the breast of the court a matter which would be difficult to review on appeal.

In the instant case, the relief desired by defendants' counsel, as indicated by his special appearance in writing, is predicated on the assumption that, neither by the service of the summons by publication, nor by the attachment, did the court secure jurisdiction of the persons of his clients or of their property, and if the inquiry of the counsel, "With costs?" when the court announced its decision, could be construed as a general appearance, where the allowance of costs is a matter of discretion, the phrase did not appear in any writing; and, this being so, no error was committed as alleged.

The action of the court, thus undertaken to be reviewed, should be affirmed; and it is so ordered.

AFFIRMED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.