# L. T. EDWARDS AND ELMER & BREEN v. B. J. NORTON.

(Case No. 1077.)

1. EXECUTION SALE — RECEIVER. — Property in the hands of a receiver, pending litigation, is not subject to levy and sale until after a final decree is rendered in the cause. A purchaser at a sale under an execution issued from the supreme court, for costs, and levied upon such property, acquires no title while the property is in the hands

of the receiver. Under any other rule, the whole fund might pass from the receiver before a final decree.

2. EXECUTION SALE.— An uncertain equitable interest in land is not subject to sale under execution. Such a sale would involve ruinous sacrifice to the debtor, without effecting the purpose of the law in satisfying the claims of creditors.

3. CONTINUANCE — PURCHASER PENDENTE LITE — INTERVENOR.— A purchaser *pendente lite* who intervenes in the cause is not entitled, on the ground that he is a necessary party, to claim any better attitude in the case than any other intervenor. He has no right to a continuance of the cause.

4. EVIDENCE.— A purchaser of the interest of a litigant, *pendente lite,* who intervened in the cause, objected to the reading in evidence of the deposition of him whose interest he claimed to have purchased, but who was still a party; claiming that no title passed by the sale. The depositions were irregular, but were offered by the adversary as proof of handwriting of the deponent. *Held,* that the objection was properly overruled.

APPEAL from Wood. Tried below before Hon. C. B. Kilgore, special judge.

On the 19th of July, 1875, B. J. Norton, appellee, filed his petition in the district court of Wood county against L. T. Edwards, for specific performance of a parol contract to convey lot No. 11, in block No. 3, in the town of Mineola, Wood county, Texas.

On September 3, 1875, plaintiff filed an amended petition, setting out his cause of action, alleging possession, the payment of the purchase money, and the making of valuable and permanent improvements under the parol contract; charging that defendant Edwards was insolvent and was collecting the rents; that they would be wasted, and praying for injunction and the appointment of a receiver during the pendency of the suit.

On September 3, 1875, the judge granted the writ of injunction.

On March 10, 1876, J. P. Harrison was by the court appointed receiver "to take charge of the property in controversy, rent the same, and collect the proceeds thereof." The receiver gave bond.

Defendant Edwards answered a general denial, and pleaded in offset and reconvention an account for goods furnished.

Judgment for plaintiff. Defendant appealed, and the judgment was reversed and the cause remanded.

Afterwards, on December 16, 1880, Elmer & Breen filed a petition in district court, charging that on September 9, 1875, they purchased from defendant the property in controversy, and had paid him for it, and received his deed with general warranty, and claimed the property and its rents. They charged that their vendor, Edwards, was insolvent, and that if the rents were paid to him they would be lost to them. They claimed the property against both plaintiff and defendant. They alleged that on July 2, 1878, they purchased the property at sheriff's sale under an execution against plaintiff's portion, issued from the supreme court of Texas, from the judgment mentioned above. Wherefore they asked leave to intervene. No leave to intervene appears to have been granted by the record, but they were afterwards recognized in the proceedings as intervenors.

On the 31st day of May, 1881, plaintiff filed his second amended original petition, in which he more succinctly set out his cause of action, embracing a parol contract with defendant Edwards on or about the 10th day of July, 1873; his being put in actual possession of the property under that contract; his paying the purchase money contracted for; making permanent and valuable improvements on the property; defendant's ability to make him a title, and plaintiff's demand for one, and defendant's refusal, with statement of rents, etc.

On May 31, 1881, plaintiff filed a supplemental petition, among other things excepting to the portion of intervenors' petition setting up title by sheriff's deed to the property, because their petition shows on its face that at the date of such sale the property was *in custodia legis,* and not subject to forced sale.

The court sustained this exception. Verdict and judgment for Norton.

On the trial a charge was asked embracing the following proposition in substance:

"To authorize specific performance of a verbal contract for the sale of land, the contract must be clearly alleged and proven, and the unaided evidence of the purchaser is not sufficient to support such decree; and if the party claiming such specific performance permits the other party to hold adverse possession of the land for a period of more than one year before he asserts title by institution of a suit for the recovery thereof, it would be unreasonable delay and bar such recovery." Other features are apparent from the opinion.

*W. S. Herndon,* for appellants.

I. Real estate, the subject of controversy, put in the hands of a receiver to hold possession and collect the rents and profits, may be sold at sheriff's sale pending the receivership, because the purchaser takes the title subject to the possession of the receiver and the result of the suit, and may set this title up in the same suit as against the party to which title would have been adjudged. R. S., art. 2291; id., arts. 2303, 2316; Andrews v. Richardson, 21 Tex., 297; Morton v. Welborn, 21 Tex., 772; Frederick v. Hamilton, 38 Tex., 338; Woolford v. Overton, 13 Am. Dec., 134; 19 Am. Dec., 128; Jackson v. Ramsey, 15 Am. Dec., 251.

II. Elmer & Breen were not merely intervenors. They were necessary and proper parties defendant, and of right were entitled to continue the suit as such. The showing for the first continuance was within the terms of the statute and left the court no discretion to refuse it. R. S., art. 1277; Van Brown v. State, 34 Tex., 186; Jordan v. Robson, 27 Tex., 612; Baldessore v. Stephanes, id., 455; Jenkins v. State, 30 Tex., 444; Fowler v. Buckner, 23 Tex., 84; Goodson v. Johnson, 35 Tex., 622.

III. A deposition once suppressed cannot be used in evidence on the trial of the same cause, over the objection of the party at whose instance it was quashed; nor can it be used as an admission of a party who has parted with all interest in the subject matter of the suit, so as to bind the party who has become the owner of such interest. Wharton on Evidence, vol. 2, sec. 1207, and cases cited.

IV. To authorize specific performance of a verbal contract for the sale of land, the contract must be clearly alleged and proven, and the unaided evidence of the purchaser is not sufficient to support such decree; and if the party claiming such specific performance permits the other party to hold adverse possession of the land for a period of more than one year before he asserts title by institution of a suit for the recovery thereof, it would be unreasonable delay and bar such recovery. Ann Berta Lodge v. Martha Leverton, 42 Tex., 19; 48 Tex., 91.

*Wellborn, Leake & Henry, N. W. Finley* and *Z. M. Wright,* for appellee.

GOULD, ASSOCIATE JUSTICE.— By reference to the report of this case when formerly before this court (48 Tex., 291), it will be seen that it was a suit instituted July 19, 1875, by Norton against Edwards, to enforce specific performance of a parol sale of a town lot, and to recover rents collected by Edwards. On the application of plaintiff, the premises were placed in charge of a receiver, with instructions to rent the same and collect the rents. After the reversal of the former judgment in favor of Norton, Elmer & Breen intervened, alleging a purchase and deed from Edwards on September 9, 1875; that Edwards was insolvent, and claiming that the rents be paid over to them. They also alleged a purchase on July 2, 1878, at a sale under execution for costs against Norton, issued

from this court. The court sustained exceptions to so much of the petition of intervention as set up title under this execution sale, on the ground that the premises were not subject to levy and sale whilst in the custody of the court. The trial resulted in a verdict and judgment for Norton, and the first proposition presented by appellant denies that real estate in the hands of a receiver to hold possession and collect the rents is protected from levy. It is urged that a levy on real estate leaves the possession undisturbed, and that the purchaser takes the title of the defendant in execution subject to the possession of the receiver and the result of the suit. In the case of Wiswall v. Simpson, 14 Howard, pp. 66–8, this argument was said not to meet the objection; that the court must administer the fund in its hands "independently of any rights acquired by third persons pending the litigation. Otherwise (it is said) the whole fund may have passed out of its hands before the final decree, and the litigation become fruitless." In that case the sale was declared illegal and void. See also Freeman on Executions, sec. 129; High on Receivers, sec. 163. Appellants have produced no authority supporting such a sale made without the leave of the court, whose receiver was in possession of the premises, and we see no sufficient reason why the rule should be relaxed so as to facilitate execution sales of real estate in litigation.

It is suggested by appellee that Norton's interest was a mere equity, not subject to forced sale, and the case of Henricks v. Snediker is referred to in support of the proposition. 30 Tex., 296. In that case it is said: "If uncertain interests of this sort are the subject of sale under execution, evidently they must be made at ruinous sacrifices to debtors, and without effecting the purpose of the law in satisfying the claims of creditors." We are inclined to the opinion that this objection to the sale is also well taken.

The second error complained of is that the court over-ruled an application for a continuance made by the inter-venors Elmer & Breen. Appellants claim that Elmer & Breen were not mere intervenors, but were necessary par-ties, and entitled to continue the suit as such. Their pur-chase from Edwards was nearly two months after the institution of the suit, and the court below correctly treated them as "in no better condition than the defend-ant," and in its charge rightly told the jury that they could recover only in case the "verdict as between the plaintiff and defendant Edwards should be for the de-fendant." Having purchased *pendente lite*, we think they did so at their peril; and so far from being necessary par-ties, they occupied as intervenors a less favorable position, and were less entitled to delay the case, than if their rights had accrued prior to the litigation. For this rea-son they were in no condition to claim a continuance of the case.

For a like reason they cannot complain because the court, after having, at their motion, suppressed the depo-sitions of Edwards taken at his own instance, because of informality in the indorsement, allowed plaintiff, after proving the handwriting of Edwards, to read his answers to those depositions, as admissions by him. The objection is, that the admissions of Edwards, made after he had parted with all interest in the subject matter of the suit, were not evidence against them. But Edwards was still a party defendant, and his answers to interrogatories irregularly taken, like any other admission of his, were good evidence against him. Lacoste *v.* Bexar Co., 28 Tex., 422; 1 Greenleaf on Ev., sec. 552. As the answers were admissible against Edwards, and as the intervenors stood in his shoes, their rights being wholly dependent on his, no injury to them could result.

The charge of the court embraced substantially so much of the charges asked as we think should have been

given.   The position that the suit would be too late after one year's adverse possession has not been supported by any citation of authority.   The verdict of the jury did not rest on the unsupported testimony of the plaintiff, as on the former trial.   In various material particulars tending strongly to establish his version of what transpired between him and Edwards, his testimony is corroborated by that of different witnesses.   It is true that he is contradicted in other material points by other witnesses.   But the jury have settled this conflict by their verdict, and that verdict should not be disturbed.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered October 14, 1881.]