Argued September 17, decided September 23, 1913.

# OSBURN *v.* MAATA.

(135 Pac. 165.)

**Process—Publication—Contents of Summons as Published.**

1. Where the trial court ordered publication of a summons for eight weeks, a summons which, as published, recited that publication was ordered for six weeks did not comply with Section 57, L. O. L., providing that the summons shall always specify the time prescribed in the order for publication.

**Process—Publication—Contents of Summons as Published.**

2. The statutory requirements as to the things which a summons served by publication shall contain are essential and necessary, and the absence of any of them is fatal to the jurisdiction.

**Judgment—Process—Proof of Service by Publication.**

3. An affidavit of publication of a summons by the chief clerk of the "publisher" of a newspaper did not comply with Section 62, L. O. L., requiring that proof of service of the summons by publication shall be made by the affidavit of the "printer," his foreman, or principal clerk, and rendered the judgment void.

**Appearance—Waiver of Objections.**

4. Where defendants, after the entry of a decree, appeared and asked leave to answer to the merits, they waived their right to object to the decree for want of proper service of the summons.

**Judgment—Default—Opening—Service by Publication.**

5. Where, on an application to set aside a default decree quieting title to land and to permit defendants to come in and defend on the merits, it appeared that defendants were the heirs of a former owner, that they all resided in Europe, except one living in Pennsylvania, who alone could speak English, that prior to the decree none of them had notice or knowledge of the suit or of the delinquent taxes upon which plaintiffs' title was based, that copies of the summons were addressed to them at a wrong address, that inquiry as to their address was made of their countrymen whose names were not shown, and that the address was taken from a record six years old, that the defendants residing in Europe were in a community far from any city or town, and were unacquainted with the laws of this state, that the land was worth $1,600, and that payment of the taxes, interest, and penalties had been tendered, the application should have been granted, under Section 59, L. O. L., providing that a defendant against whom publication is ordered may, upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry thereof.

> [As to the right of a defendant not personally served to have judgment opened, and to defend, see note in Ann. Cas. 1912A, 1164.]

From Clatsop: JAMES A. EAKIN, Judge.

Department 2. This is a suit by A. Osburn and W. R. Chisholm against Edastiina Maata and others. From a default decree, and an order denying a motion to set aside such decree, the defendants appeal.

REVERSED WITH DIRECTIONS.

For appellants there was a brief over the names of *Mr. John F. Hamilton, Mr. A. A. Anderson* and *Mr. J. O. Erickson,* with an oral argument by *Mr. Hamilton.*

For respondents there was a brief over the names of *Mr. George M. McBride, Mr. E. E. Gray* and *Mr. Frank J. Taylor,* with an oral argument by *Mr. McBride.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an application to set aside a default decree and allow the defendants to answer. The trial court denied the motion, and the defendants appeal from the order and decree.

The plaintiffs allege that they are the owners in fee simple of a certain quarter-section of land in Clatsop County, Oregon; that defendants claim some interest or estate in the same. Plaintiffs seek to have their title quieted. Service of summons was attempted to be made by publication. The trial court ordered the same to be published for eight weeks in the "Weekly Astorian." It was recited in the summons, as published, that the court ordered the publication for six successive weeks. The affidavit of publication was made by M. O. Farrell, who stated, "I am the chief clerk of the publisher of the 'Weekly Astorian.'" The defendants, with the exception of one, were at the time in Finland, and residents thereof. At the instigation of friends of the defendants, Anderson and Erickson,

attorneys, appeared especially and objected to the service of summons, for the reason that copies thereof had not been mailed to the proper postoffice address of the defendants. The motion being denied, default was entered May 3, 1911, and a decree rendered on October 9, 1911, without a general appearance of any of the defendants. Various motions were made and affidavits filed thereafter. On April 26, 1913, and within the year, the defendants by their attorneys appeared and moved the court to set aside the default and decree, and to permit the defendants to file an answer to the merits. An answer was tendered denying the allegations of the complaint. It alleged that the defendants were the owners in fee simple of the land in question, and set out alleged defects in the tax title under which plaintiffs claim.

1. Section 57, L. O. L., prescribes as follows in case of publication of summons: "The summons shall always specify the time prescribed in the order for publication, and, if published, the date of first publication. The time prescribed in the order shall begin to run from the day of first publication * * and the service of such summons shall be deemed complete at the expiration of the time prescribed for publication as aforesaid." The publication, specifying the time prescribed by the order of the court as six instead of eight weeks, as the same was made, was not in strict compliance with the statute.

2. Where the statute prescribes certain things which the published summons shall contain, such specifications must be deemed essential and necessary, and the absence of any of them is not a compliance with the requirement of the statute, and is fatal to the jurisdiction: *Odell* v. *Campbell,* 9 Or. 298, 304; *McGinn* v. *Whelan,* 27 Cal. 300.

3. Section 62, L. O. L., requires that proof of the service of the summons shall be as follows (subdivision

3): "In case of publication, the affidavit of the printer or his foreman, or his principal clerk, showing the same." The affidavit made by the chief clerk of the publisher of a newspaper in which a summons is published is not a compliance with the statute, and renders the judgment void: *Odell* v. *Campbell*, 9 Or. 298; *Rafferty* v. *Davis*, 54 Or. 77 (102 Pac. 305).

The publisher or owner of a paper might have several other newspapers in different places and reside in a distant state, having a chief clerk there. He might have no actual knowledge of the printing of the summons, hence the statute requires the affidavit to be made by the printer, or his foreman or principal clerk. While we do not find that these questions were called to the attention of the trial court, we think they are fatal to the jurisdiction of the court over the defendants in this cause, unless waived by subsequent action on the part of the defendants.

4. Under the authority of *Mayer* v. *Mayer*, 27 Or. 133 (39 Pac. 1002), and *Anderson* v. *McClellan*, 54 Or. 206 (102 Pac. 1015), when the defendants appeared and asked leave to answer to the merits, they waived their right to object to the decree for want of proper service of summons, although they made their appearance after the decree was entered. The case must therefore stand or fall upon the showing made to open the decree.

5. It appears from the record that the defendants are heirs of Thomas H. M. Johnson, who was the owner of the land in suit at the time of his death; that all reside in Finland, Europe, except one who lives in the State of Pennsylvania, who alone can speak English, and two who are dead; that prior to the decree none of the defendants had notice or knowledge of the suit or of the delinquent taxes upon which plaintiffs' title is based; that copies of the summons were ad-

66 Or.—36

dressed to defendants at "Kuhmosemella, Finland," instead of Saunajarvi, Kuhmoniemi, Finland, where defendants reside. The affidavit for publication recites that inquiry was made of defendants' countrymen, without stating any name. The address was taken from a record six years old. The amount of diligence taken by plaintiffs to obtain the correct address of the defendants may be considered upon an application to open a decree entered upon default: *Smith* v. *Smith,* 3 Or. 363, 366. It also appears that the defendants residing in Finland are in a community far from any city or town and unacquainted with the laws of Oregon; that they were on this account necessarily delayed in instructing their attorneys to proceed in this case; that the land is of the value of $1,600; and that payment of the taxes, interest and penalties has been tendered.

Section 59, L. O. L., provides that the defendant against whom publication is ordered may, "upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment, and within one year after the entry of such judgment. * * " This section applies to decrees. In *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807), it was held that the defendants were entitled to have a void decree, erroneously as well as prematurely entered, set aside. In that case the defendant appeared, tendered an answer, and submitted to the jurisdiction of the court: See, also, *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431). We think the real rights of the defendants were obscured by the various matters in the affidavits which were improperly submitted by the defendants. A court of equity should guard the interests of nonresident heirs of deceased persons with much care. Section 59 of the statute was enacted for just such cases as this, and under its provisions the defendants are entitled to their day in court.

The decree of the lower court will therefore be reversed and the cause remanded, with directions to allow the defendants to answer.

REVERSED WITH DIRECTIONS.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.