Argued June 13; reversed July 17; rehearing denied
September 18, 1934

# WOODBURN LODGE No. 102, I. O. O. F. *v.* WILSON ET AL.

(34 P. (2d) 611)

*J. N. Hart,* of Portland (George W. Wilson, of Portland, on the brief), for appellants.

*Allan G. Carson,* of Salem (H. Overton, of Woodburn, and Carson & Carson, of Salem, on the brief), for respondent.

CAMPBELL, J.  On June 5, 1930, John C. Wilson, a resident of Woodburn, Oregon, died testate.  His will made provision for the payment of his just debts and for several specific bequests.  It then provided in paragraph V as follows:

"I give and bequeath to Woodburn Lodge Number 102 Independent Order of Odd Fellows the sum of $300.00 as a perpetual endowment fund, which said sum is to be invested by said Lodge and the interest derived therefrom used and expended for the purpose of keeping in repair and proper condition my family

burial plot, and the grave monuments thereon, which said plot is situated near the town of Goshen, in Lane County, Oregon.''

Paragraph VI devises all the residue and remainder of the estate to George W. Wilson and Julia L. Bacher, defendants herein, share and share alike. The will also nominated George W. Wilson as executor thereof to act as such without bonds.

On June 9, 1930, said will was admitted to probate and letters testamentary issued to George W. Wilson, who thereupon qualified as such executor. The executor proceeded with the administration of the estate and on December 17, 1930, filed his final account and January 21, 1931, at 9:30 a. m. was designated by the court as the time for hearing objections thereto and the settlement thereof. Due notice of such hearing was published according to law.

The final account in addition to ''a detailed statement of the amount of money received and expended by him and from whom received and to whom paid, * * * and the amount of money and property, if any, remaining unexpended and appropriated'', contained the following:

''That the said last will and testament of deceased is dated the 3rd day of January, 1925; at said time the remains of his deceased wife, the said Leonie B. Wilson, and his two deceased children were buried in the said family burial plot near the town of Goshen, in Lane County, Oregon. That said family burial plot was in a cemetery owned and maintained by the Goshen Lodge of Odd Fellows. That thereafter, said Goshen Lodge surrendered its Charter and disbanded, and the said cemetery and burial plot became neglected and run down, and this fact worried the deceased, and as a consequence thereof, the said deceased did, about two

or three years ago, remove the bodies of his deceased wife and children from the burial plot or lot in the Goshen Cemetery to the Belle Passi Cemetery near Woodburn, Oregon, where they were buried in another plot or lot deceased had provided for that purpose. That said deceased then entirely abandoned the burial plot in the Goshen Cemetery. That the cemetery in Goshen is approximately 100 miles from the town of Woodburn, Oregon. That deceased consequently made it impossible to carry into effect the said fifth paragraph of his last will and testament for the reasons aforesaid. That by reason of the premises heretofore mentioned, the said testator, by his said acts, intended to and did terminate and eliminate the aforesaid bequest in said paragraph five, and for said reason the said bequest is lapsed and adeemed, and of no legal force and effect and impossible of execution.''

No objections were made or filed against said final account and on the day set for hearing the matter came on regularly to be heard before the county court and the court proceeded to hear and determine the same. The court thereupon made findings in accordance with the allegations of said final account and ordered and decreed that the same be allowed in full. In regard to paragraph V of said will and the allegations in the final account relevant thereto, the court found and so decreed:

''That the said testator, by his own acts, intended to, and did terminate and eliminate the bequest set out in the fifth paragraph of his said last will and testament, and that said bequest is lapsed and adeemed, and of no legal force and effect, and impossible of execution.''

On January 29, 1931, Woodburn Lodge, plaintiff herein, filed a motion in said court and matter to set

aside the order approving the final account of the executor for the reasons and on the grounds:

"First: That the bequest of Three Hundred Dollars bequeathed to this Lodge in trust for the upkeep of the family burial plot of decedent and his family has not been paid, nor ordered paid by said decree.

"Second: That Woodburn Lodge No. 102 Independent Order of Odd Fellows, by the fifth provision of the will of decedent on file in this cause was appointed trustee of said trust fund of Three Hundred Dollar bequest.

"Third: That this court sitting in probate has no jurisdiction to declare that said decedent, had performed acts before his death nullifying said bequest as there is no written evidence thereof by said decedent. And that an order of this court be entered directing and requiring said executor to pay over the said sum of Three Hundred (dollar) trust fund to this trustee."

This motion was overruled.

On March 9, 1931, plaintiff herein filed another motion in said court and cause asking for a reconsideration of the former motion and for a vacation of the decree approving and settling the final account of the executor.

"That the above named lodge is named in the will of said decedent as a legatee.

"That the sum of $300.00 bequeathed to it has not been paid.

"That said legatee has never been made a party to any proceedings to determine whether or not a bequest to it should not be paid. And

"That this court had no jurisdiction of said Lodge to determine the question whether or not the bequest to it had lapsed, or been nullified by decedent and it erred in entering a decree to that effect.

"And that this Lodge has never had an opportunity to present a defense to such a question, not having

been made a party to any proceeding for that purpose.''

Plaintiff herein then prayed for an order of the court ''vacating the decree settling the final account of the executor of said estate'', and ''directing the payment to this legatee of the bequest to it in the sum of three hundred dollars, specified in the will of said decedent, and for such further relief as shall be ascertained to be just in the premises to which it may be entitled''.

This motion came on for hearing on March 23, 1931, the parties appearing through respective counsel and after hearing the court overruled the motion.

On the same day, plaintiff filed its complaint herein against defendants George W. Wilson and Julia L. Bacher, the residuary legatees mentioned in said will, in which it alleged that on January 28, 1931, at Salem, Oregon, defendants received the sum of $300 from one George W. Wilson as the duly appointed, qualified and acting executor of the estate of John C. Wilson, deceased, to and for the use and benefit of plaintiff; alleged demand, and prayed for judgment.

To this complaint, defendants filed a general denial and for a first further and separate answer and defense alleged in substance: The death of John C. Wilson; the probate of the will, the filing of the final account and notice thereof; that said notice was published as required by law and the hearing and determination of said final account on January 21, 1931, the time specified in the notice, and set out in full the order of the county court allowing and settling the same which included an order decreeing that the pro-

vision of paragraph V had been adeemed and an order of distribution, and that the executor thereupon distributed said estate to the legatees; the appearance of plaintiff thereafter on January —, 1931, in said court and matter and its motion to vacate and set aside said order of ademption, settling the final account and of distribution and the determination by the county court of such motion; also the filing and hearing of the second motion of plaintiff to vacate said order, and the determination of the court in respect thereto; that no appeal was taken from the order of the said county court approving the final account and decreeing the distribution of the said estate; that no appeal was taken from the order of said county court denying said motions; the matter thereby became *res adjudicata;*

For a second further and separate answer and defense, the defendants reiterrated the allegations in the first separate answer and defense, and further alleged, in substance, the allegation in the final account in reference to the removal of the bodies of the wife and children of testator from the cemetery at Goshen to the one near Woodburn; that the fifth paragraph of the will was only intended to provide for the maintenance of the burial plot in Goshen cemetery and that by reason of the testator having had the bodies of his deceased wife and two children removed from said plot to the burial plot at or near Woodburn, such provision was thereby rendered useless and impossible of fulfillment and thereby adeemed the provision in said paragraph V in the will; that it was the intention of the decedent to provide for the caring of the burial plot of his dead relatives at Goshen cemetery and at no place else.

To each of those separate and further answers and defenses, plaintiff filed demurrers on the ground that neither of the separate answers and defenses stated facts sufficient to constitute a defense to the complaint. The court sustained each of said demurrers.

The cause came on for trial on the facts, each party waiving a jury; it was heard before the court.

The only evidence introduced by plaintiff were the proceedings in the county court relative to the probate of the will, consisting of the petition for probate of the will, the order admitting the will to probate, the letters testamentary, the inventory and appraisement, the final account, the order approving the final account which order included an order of ademption and distribution, the report of distribution by the executor, the order finally discharging the executor, the publication of the appointment of the executor and proof thereof, the notice of the filing of the final account and the time and place set for the hearing thereof and the proof of the publication thereof, and rested its case.

Thereupon defendants moved for a non-suit which motion was overruled. The defendants thereupon introduced the motion of the plaintiff in the probate court asking the probate court to set aside the order declaring that the bequest in paragraph V had been adeemed, settling the final account and naming the legatees, which was filed January 29, 1931, and the order of the court overruling the same. Also the motion by plaintiff in the probate court filed therein March 9, 1931, asking that court to vacate and set aside the order overruling its former motion and the order settling the final account and naming the legatees and

decree of distribution, and also the order of the county court made thereon.

The court made findings and conclusions in favor of plaintiff and entered judgment thereon against defendants. Defendants appeal.

■ The questions to be determined by this court, and which will be conclusive of the other questions, are: Did the county court, sitting as a court of probate, without direct citation and notice to respondent herein, have jurisdiction to declare paragraph five of the will adeemed? If not, did the voluntary appearance of plaintiff in that court asking for general relief, confer such jurisdiction?

"Adeem" is defined in Funk & Wagnalls New Standard Dictionary: "To take away; especially, in law, to satisfy (a legacy) by some other gift or disposition, as a substitute made or advanced during the testator's lifetime."

It must be conceded that the county court had jurisdiction over the subject matter. The statute confers potential jurisdiction which became actual by the filing of a petition complying with the requirements of the law: Oregon Code 1930, § 11-202. It is admitted that such a petition was filed in the county court in the matter of the probate of the will under consideration herein.

■ "The county court has the exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is,—

"1. To take proof of wills;

"2. To grant and revoke letters testamentary of administration and of guardianship;

"3. To direct and control the conduct and settle the accounts of executors, administrators, and guardians;

"4. To direct the payment of debts and legacies, and the distribution of the estates of intestates; * * *." Oregon Code 1930, § 28-1003.

County courts in probate proceedings are to be regarded as courts of superior jurisdiction.

"It appears to me that a court of record, vested generally by the constitution with any particular part of the judicial power of the state, in the exercise of that jurisdiction must, in the technical sense of the word, be considered a court of superior jurisdiction. And I do not see how, under a correct construction of the several provisions of the constitution and statutes before mentioned, they could be regarded otherwise. In that view of the case the authority to hear and determine the matter of the sale of property in question must be presumed and that presumption could only be overcome by evidence of want of jurisdiction in the court to determine that matter. I do not question the right to impeach the adjudication. No court can render a binding or valid judgment without first having jurisdiction over the subject matter; and, second, acquiring jurisdiction over the party to be affected, and as to whether a court had jurisdiction when it has assumed to decide is always a pertinent subject of inquiry either in direct or collateral proceedings." Russell v. Lewis, 3 Or. 380.

"A county court in the transaction of probate business is a court of general and superior jurisdiction. Russell v. Lewis, 3 Or. 380; Tustin v. Gaunt, 4 Or. 305; Monastes v. Catlin, 6 Or. 119; * * *." Slate's Estate, 40 Or. 349 (68 P. 399); Rutenic v. Hamaker, 40 Or. 444 (67 P. 196).

The legislature has not, since the adoption of Art. VII, § 2, of the Constitution of Oregon (November 8, 1910), made any change in the law affecting the jurisdiction of the county court of Marion county respecting probate matters.

■ In the instant case the county court having admitted the will, including paragraph V, to probate, without change or modification, was thereafter powerless to set aside or modify said order without citation to the particular persons affected by such modification, or by the voluntary appearance in court of such persons.

■ It must be conceded that the county court has power to construe a will when that matter is properly presented to it.

"This proceeding is based upon a petition of two of the three executors of the last will and testament of Richard Wilson, deceased, asking the direction of the court in the distribution of the estate under the will. It is shown that the estate is ready for distribution. It is suggested by the appellants that the probate court has no power or jurisdiction to construe the will. In the administration of an estate, over which the County Court has exclusive jurisdiction in the first instance, it is necessary for that court to direct the executors how to proceed, to whom the property in their hands shall be given, and what each shall receive. It has full power and jurisdiction to respond to such a petition by an appropriate decree. That is one of its functions and duties. It is incumbent upon that court in the disposition of a decedent's estate to collect and preserve the property, pay the debts, and distribute the personal property on hand after the obligations have been paid. In order to affect distribution the distributees and the property each is to receive must first be ascertained and determined. It is for this purpose that in the first proceedings in the administration of an estate an inventory is filed. If a question arises as to the distribution the probate court has the power to direct by its decree the manner of such distribution, and also the power to construe a will as incidental to such direction if that is necessary." *In re Wilson's Estate,* 85 Or. 604 (167 P. 580).

"But our probate courts are not entirely without authority or jurisdiction to construe wills, and more especially as it respects the disposition of personal property. * * * There is here involved, in the power to direct and control the conduct and settle the accounts of executors, and to direct the payment of debts and legacies, an implied jurisdiction to construe bequests, and thereby determine who shall take, for the very obvious reason that it is a necessary and unavoidable step in the direction of the distribution among legatees under a will. By section 1191 [Oregon Code 1930, § 11-809] of our Code it is provided, in effect, that after the payment and satisfaction of all charges and claims against the estate, the court or judge thereof shall direct the payment of legacies and a distribution of the remaining proceeds of personal property among the heirs and other persons entitled thereto. Here is a positive enactment requiring the court or judge thereof to direct the payment of legacies, but before it can exercise that power it must determine who the legatees are, and the nature and amount of their respective shares, and this it must do by an inspection of the will and a consideration of the bequests. In short, it must construe the will in order to intelligently comply with these requirements." *In Re John's Will,* 30 Or. 494 (47 P. 341, 50 P. 226, 36 L. R. A. 242); *In Re McGinnis Estate,* 91 Or. 407 (179 P. 254).

The order declaring paragraph V of the will adeemed, or satisfied before the death of the testator, was voidable, because it was a modification of the order probating the will as presented, made without notice to the respondent, the one directly interested in said legacy. But the fact that respondent, herein, thereafter voluntarily appeared in that court and moved to set it aside, and asked for general relief, had the effect of validating it.

A voluntary appearance of the plaintiff is equivalent to personal service of summons on him: Oregon Code 1930, § 1-517. This section is not intended to prevent a party making a special appearance to object to the jurisdiction of the court without thereby submitting himself to such jurisdiction. See the numerous cases in which this court has applied the above provision of the statute commencing with *Rogue River Mining Co. v. Walker*, 1 Or. 341, down to *Anderson v. Guenther*, 144 Or. 446 (22 P. (2d) 339, 25 P. (2d) 146).

"When the defendants appeared and asked leave to answer to the merits, they waived their right to object to the decree for want of proper service of summons, although they made their appearance after the decree was entered." *Osburn v. Maata*, 66 Or. 558 (135 P. 165); *Herrick v. Wallace*, 114 Or. 520 (236 P. 471).

Respondent contends that by § 11-706, Oregon Code 1930, the decree of the county court settling and allowing the final account is only primary evidence of the facts set out therein and the order of the court naming the heirs and legatees is only *prima facie* evidence of such facts. This, however, avails respondent nothing as the only evidence before the circuit court affecting plaintiff's right to recover in this action is the proceedings of the county court, including said decree and order, and this evidence was introduced by respondent.

"Primary evidence is that which suffices for the proof of a particular fact until contradicted or overcome by other evidence." Oregon Code 1930, § 9-110.

*Prima facie* evidence is "such evidence as, in judgment of law, is sufficient to establish the fact, and,

if not rebutted, remains sufficient for that purpose'':
Ballentine's Law Dictionary.

Respondent further contends that section 11-704, Oregon Code 1930, provides that such final account shall:

"* * * contain a detailed statement of the amount of money received and expended by him, from whom received and to whom paid, and refer to the vouchers for such payments, and the amount of money and property, if any, remaining unexpended or appropriated. * * *."

And that a petition for a decree declaring a bequest adeemed is no part of the final account.

Conceding this contention, then notwithstanding that part of the court's decree declaring paragraph V of the will adeemed is made at the same time as the order settling the final account, it is a final decree made by a court of competent jurisdiction. "The record of a court of competent jurisdiction cannot be contradicted by the parties to it": Oregon Code 1930, § 9-114.

"The effect of a judgment, decree, or final order in an action, suit, or proceeding before a court or judge thereof of this state or of the United States, having jurisdiction to pronounce the same, is as follows:

"1. In case of a judgment, decree, or order against a specific thing, or in respect to the probate of a will or the administration of an estate of a deceased person, * * * the judgment, decree, or order is conclusive upon the title to the thing, the will or administration, * * *." Oregon Code 1930, § 9-618.

The respondent submitted itself to the jurisdiction of the county court by asking for general relief and was thereafter bound by its decision.

The circuit court erred in sustaining the demurrer to defendants' first separate answer and defense, and in not holding that the cause had been formerly adjudicated. The judgment of the circuit court will be reversed and the cause remanded with instructions to enter judgment for defendants. It is so ordered.

RAND, C. J., and BEAN, J., concur.

ROSSMAN, J., dissents.