Submitted on briefs October 29; affirmed November 17, 1942

AHLSTROM *v.* LYON ET AL.

(131 P. (2d) 219)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Pat H. Donegan*, of Burns, and *S. J. Bischoff*, of Portland, for appellant.

*Herbert P. Welch*, of Lakeview, and *Biggs & Waterman*, of Burns, for respondent.

BELT, J.  Pete Ebar, purchaser at an execution sale, appeals from a decree vacating and setting aside the sale. Judgment was obtained by plaintiff in the circuit court for Lake county against the defendant J. L. Lyon, in the sum of $659.54. To satisfy such judgment the sheriff, on December 24, 1940, pursuant to writ of execution, sold to Pete Ebar, for $250, certain personal property in which defendant had an interest, consisting of 1,200 sheep, six horses, two burros, 300 tons of hay, and camping equipment.

The judgment debtor, on February 7, 1941, filed a motion to quash and set aside the execution sale on the grounds:

(1) That at the time of the sale such personal property was in the possession and custody of a receiver duly qualified and acting pursuant to appointment by the circuit court for Harney county in a suit pending therein wherein J. L. Lyon was plaintiff and Gene Mazeris, Pete Ebar et al. were defendants.

(2) That plaintiff herein had actual notice of such receivership through his attorney Pat H. Donegan.

"3. That the sheriff's return states that he levied upon the property sold under execution on December 12, 1940 but that such levy was made in the suit wherein James McKee was plaintiff and J. L. Lyon and Dola Lyon, his wife were defendants and that no levy on

said personal property has been made in this action prior to sale or since and that such sale is therefore illegal and void and should be quashed and set aside.

"4. That the sale of said personal property was advertised to take place on the 24th day of December 1940 at 3 o'clock P. M. at the premises known as the Cote Ranch in Township 23, South Range 28 E. W. M., Harney County, Oregon, about 32 miles southwest of Burns in the double OO Valley, but that such pretended sale was not held at that time but after 5:00 o'clock of said day and without the Sheriff having given any notice of any kind or nature that said sale had been postponed and such sale is therefore without force or effect and illegal and void.

"5. That said personal property was sold at such pretended sale for the sum of $250.00 when the actual and reasonable value thereof is many times in excess of that amount, to-wit: approximately $10,000.00, and that such sale is therefore without force or effect and should be set aside and quashed as illegal and void."

On September 6, 1941, plaintiff appeared and objected to setting aside the sale, for the reason that the motion to vacate the sale was not served on Pete Ebar, the execution purchaser, and that he had no notice thereof. The court, properly deeming the purchaser a necessary party to such proceeding, cited him to appear and show cause why the sale should not be set aside. The sheriff was unable to serve such citation on Ebar and the court thereafter ordered that service be made on him by publication of the order to show cause. Proof of publication having been made, the court, on December 13, 1941, entered an order of default against Ebar, the purchaser.

It appears from the record that while the Honorable Arthur D. Hay, Circuit Judge of the Fourteenth

Judicial District, consisting of Lake county, was holding circuit court at Burns, Harney county, on December 17, 1941, pursuant to order of the Chief Justice of the Supreme Court, Pat H. Donegan appeared before the court and, as recited in the order of the court, stated that he "represented Pete Ebar and that he would like to have a few days in which to move to open up the default order and to appear and resist the motion to quash the sheriff's sale; * * *." It also appears from such recital that the judge "stated that a reasonable time would be given and no definite time was set."

Thereafter, on January 2, 1942, Pete Ebar, through his attorney Pat H. Donegan, by motion appeared specially and asked that the "pretended service of citation upon him be quashed and that the order of default be vacated and set aside for the following reasons:

"1. That service of citation by publication upon a person who is not a party to an action, or a proper party to an action relating to real property in this state, is unauthorized, even if such person were a proper party relating to (an action concerning) personal property within the jurisdiction of the Court:

"2. Insufficiency of the affidavit for publication and reference with sheriff's return on citation upon which to base a valid order of publication * * *." —setting forth numerous particulars in which it is alleged that the affidavit was defective.

After hearing in Lake county, on January 13, 1942, the court denied motion to quash service of order to show cause and to vacate order of default. It was also ordered and decreed on said date that the sale be set aside and vacated for the reasons set forth in the motion of the judgment debtor.

■ One of the principal questions on this appeal is whether the court acquired jurisdiction of the person of the appellant, the purchaser on execution sale. He was undoubtedly a necessary party (21 Am. Jur. 305; 33 C. J. S. 498) and his rights could not be affected without having had an opportunity to have his day in court. The trial court recognized such right by directing that service be made on purchaser of order to show cause why sale should not be set aside.

■ We are of the opinion, as was the trial court, that Pete Ebar, through his attorney, made a general appearance by requesting the affirmative relief of vacating the order of default, thereby permitting him to defend the execution sale. That such general appearance conferred jurisdiction over the person of the appellant is well established: *Woodburn Lodge I. O. O. F. v. Wilson*, 148 Or. 150, 34 P. (2d) 611; *Anderson v. Guenther*, 144 Or. 446, 22 P. (2d) 339, 25 P. (2d) 146, and authorities therein cited. In view of such conclusion, there is no need of considering the affidavit for publication of order to show cause. We will assume that it was defective. Jurisdiction is based upon the general appearance of the appellant.

We cannot agree, as contended by appellant, that what occurred in Burns was merely a "conversation" or "colloquy" between a lawyer and a judge. Mr. Donegan, as attorney for appellant, was in court transacting court business. The judge had a right to rely upon what he said. Appellant was given an opportunity to be heard on the merits but, instead of seeking that, he preferred to appear and object to the jurisdiction of the court at a time when he had already conferred jurisdiction upon it.

■ There is no merit in the contention that Judge Hay was unauthorized to transact such court business

outside his judicial district. Section 13-202, O. C. L. A. (Ch. 161, § 1, Laws of Oregon for 1927), provides:

"Any judge of the circuit court of the state of Oregon, whether at the time he is in his own district or in some other judicial district of the state, may, in chambers, grant and sign defaults, judgments, decrees, interlocutory orders, provisional remedies, make findings, decide motions, demurrers and other like matters relating to any such judicial business coming before him from his own or from other judicial districts of the state in which such judge has presided in such matters;   *   *   *."

*Marsden v. Harlocker*, 48 Or. 90, 85 P. 328, 120 Am. St. Rep. 786, and *Hanley v. City of Medford*, 56 Or. 171, 108 P. 188, and are not in point as these cases were decided prior to the enactment of the above statute.

■■ There was no error in setting aside the sale. The property sold under execution was at such time in the possession of a receiver appointed in a suit pending wherein the purchaser was a defendant. To sustain the sale would create a conflict of jurisdiction between the circuit court of Harney county and the circuit court of Lake county. Obviously, both could not have jurisdiction over the same property at the same time. That the sale was void and vested no title in the purchaser, see: *Walling v. Miller*, 108 N. Y. 173, 15 N. E. 65, 2 Am. St. Rep. 400; *Edwards v. Norton*, 55 Tex. 405; 33 C. J. S. 505, and 21 Am. Jur. 228. As was said in Freeman on Executions (3d Ed.) § 129:

"The levy upon and sale of the property under such circumstances, being entirely unauthorized by law, are absolutely void, and possession of the property may be recovered by the receiver in any appropriate action commenced either against the officer making the levy or a purchaser under exe-

cution sale or any other person to whom possession of such property has come.''

Furthermore, the price paid by the purchaser was so grossly inadequate as to shock the conscience of the court: 33 C. J. S. 492.

The judgment debtor, to do equity, tendered into court for the purchaser the amount of the purchase price, together with interest thereon. Setting aside the sale merely leaves the parties in statu quo.

The order setting aside the sale is affirmed.