Argued October 10, writ to issue November 16, 1972

STATE ex rel DIAL PRESS, INC., *Petitioner,*
*v.* SISEMORE, *Respondent.*

502 P2d 1365

*William G. Purdy,* Medford, argued the cause for petitioner.

*Donald R. Crane,* Klamath Falls, argued the cause and filed a brief for respondent.

O'CONNELL, C.J.

This is an original proceeding in this court in mandamus to require defendant, the circuit judge for Klamath county to quash the service of summons and complaint upon petitioner.

An action was brought in the trial court against relator, a New York corporation, as defendant to recover damages alleged to have resulted from the publication of a book by relator. A copy of the summons and complaint was served on the Corporation Commissioner. On motion of the plaintiff in that action, an order of default was entered. Thereafter, relator filed the following motion:

> "MOTION TO QUASH SERVICE OF
> SUMMONS AND TO VACATE AND SET
> ASIDE ORDER OF DEFAULT

> "Defendant Dial Press, Inc., appearing specially and for the purpose of this Motion only, and without submitting itself generally to the jurisdiction of this Court, and for no other purpose, moves the Court for an order quashing the alleged service of summons upon this defendant and for an order vacating and setting aside the Order of Default heretofore entered herein for the reason and upon the ground that this defendant was never served with a copy of the summons or complaint, no copy of the summons or complaint was mailed or sent to it and that this Court never secured jurisdiction over this defendant."

The foregoing motion was denied on the ground that in filing the motion relator had made a general appearance and thereby conferred on the court juris-

diction over relator. In so ruling the trial judge stated in the order denying the motion that "The situation is similar to that in *Ahlstrom v. Lyon et al*, 169 Or 629, [131 P2d 219] wherein the Court said that the defaulted party made a general appearance by requesting the affirmative relief of vacating the Order of Default and that such general appearance conferred jurisdiction over his person."

■ A motion to quash coupled with a motion to vacate a judgment on the ground that the court had no jurisdiction, without more, does not constitute a general appearance.[①] If in addition to the request to vacate the judgment the defendant asks for other relief, the appearance is general. This was the situation in *Ahlstrom v. Lyon et al, supra*. In that case a proceeding was brought by a judgment debtor to set aside an execution sale. The purchaser at the sale was cited to appear and show cause why the sale should not be set aside. The purchaser not having made an appearance, an order of default was entered against him. Thereafter, the purchaser's attorney appeared before the court at Burns, Oregon, and stated orally "that he would like to have a few days in which to move to open up the default order and to appear and *resist the motion* to quash the sheriff's sale." The trial judge granted him a reasonable time for this purpose. Later the purchaser moved that "the pretended service of citation upon him be quashed and that the order of default be vacated and set aside" on the ground that service was defective. On appeal the court held that the purchaser "through his attorney, made a general

---

[①] *See generally*, Developments—Jurisdiction, 73 Harv L Rev 911 at 991 (1960); Note, The Retroactive Effect of a General Appearance on a Prior Default Judgment, 19 Rocky Mt L Rev 289 (1947).

appearance by requesting the affirmative relief of vacating the order of default, thereby permitting him to defend the execution sale."

■ In the Annotation: Motion to Vacate Judgment or Order as Constituting General Appearance, 31 ALR2d 262, 294 (1953), the author comments on the *Ahlstrom* case as follows:

"It would seem * * * that the court's conclusion as to the general appearance by the purchaser was based on the original statement of his attorney before the court at Burns, rather than upon the subsequent formal motion to vacate the order in question."

We agree with this interpretation of the *Ahlstrom* case and so viewed it is clearly distinguishable from the case at hand. In the present case, relator expressly and clearly limited its appearance for the purpose of quashing the service of summons and for an order vacating the order of default. Relator did not call upon the court to adjudicate the merits of the controversy which the plaintiff in the original action attempted to initiate by the service of summons on the relator. Not having sought such other relief, relator did not subject itself to the jurisdiction of the court. In *Ahlstrom v. Lyon et al, supra,* and other Oregon cases which have held that the court did obtain jurisdiction, the defendant sought the aid of the court so as to make possible an adjudication of the merits of the case which led up to the judgment.[②]

Let a peremptory writ of mandamus issue requiring the trial court to vacate the judgment.

[②] Coleman v. Meyer, 94 Or Adv Sh 81, 493 P2d 98 (1972); Mills v. Feiock, 229 Or 618, 368 P2d 327 (1962); Ahlstrom v. Lyon et al, 169 Or 629, 131 P2d 219 (1942); Woodburn Lodge v. Wilson, 148 Or 150, 34 P2d 611 (1934); Anderson v. Guenther, 144 Or 446, 22 P2d 339, 25 P2d 146 (1933).