Argued December 1, 1978, affirmed January 29, 1979

FAMILY FEDERAL SAVINGS AND LOAN
ASSOCIATION, *Respondent,*
*v.*
PARADISE VENTURES, INC. et al, *Defendants,*
HEALY *Appellant,*
BLACK et al, *Respondents.*
(No. 36744, CA 9618)

589 P2d 1167

Jan P. Londahl, Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were James A. Redden, Attorney General,
and Al J. Laue, Solicitor General, Salem.

J. Christopher Minor, Newport, argued the cause for respondent Family Federal Savings and Loan Association of Dallas, Oregon, a federal corporation. With him on the brief was Minor, Yeck & Beeson, P.C., Newport.

M. Carr Ferguson, Assistant Attorney General, Tax Division, and Gilbert E. Andrews, Chief, Appellate Section, Washington, D.C., waived appearance for respondent The United States of America.

No appearance for respondents Charles H. Black and Virginia R. Black, husband and wife.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

Thornton, J., dissenting opinion.

**BUTTLER, J.**

Defendant Healy (receiver) appeals from that portion of a foreclosure decree entered in the circuit court of Lincoln County which decreed that plaintiff has a first and prior lien on the real property which was the subject of the foreclosure suit, and declaring that defendant Healy's "receiver's lien" is ninth in priority.

The material facts are not in dispute, and need not be elaborated in detail. Plaintiff was the holder of a first mortgage lien on certain real property in Lincoln County owned by defendant Paradise Ventures, Inc. Subsequent to the recording of plaintiff's mortgage, defendant Healy, as Corporation Commissioner of the State of Oregon, was appointed receiver of the assets of Paradise Ventures, Inc. by the Marion County circuit court. Plaintiff was not a party to the receivership proceedings, and was not served with notice with respect to any aspect of the receivership proceedings. On or about October 25, 1976, defendant Healy, as such receiver, executed a document characterized as "receiver's lien"[1] under the caption of the court and cause in the receivership proceedings, and thereafter "filed" the instrument in Lincoln County.

Subsequently, plaintiff appeared in the Marion County receivership proceedings for the purpose of obtaining authority to commence foreclosure of its mortgage, which authority was granted. These proceedings followed. The receiver filed an answer to the foreclosure complaint, and while the pleading is not characterized as a countersuit for foreclosure, it is alleged "affirmatively" that the receiver has a valid

---

[1] This document, in its entirety, provided:

"Frank J. Healy, the duly constituted, appointed and acting receiver for Paradise Ventures, Inc., a defendant in the above captioned matter, has expended funds for the preservation of assets, cost of administration, and legal and accounting fees, in order to preserve the assets of Paradise Ventures, Inc., significantly its property located in Lincoln County and known as Starfish Cove Motel. The receiver's expenditures to date October 21, 1976 amount to $9,442.61 and constitute a first priority lien on the Starfish Cove Motel."

lien against the real property and that it is superior to plaintiff's mortgage lien. It ends with a prayer for a decree that the "liens described in plaintiff's Complaint be foreclosed and the real property covered thereby" be sold by the sheriff and the proceeds be applied first to the payment of costs and disbursements of suit and of sale, and any balance remaining be paid into the registry of this court "to be distributed to each claimant who shall make appearance herein, according to this court's determination, priorities to be accorded to each claimant herein pursuant to the provisions of ORS 88.050."

■ At trial, the receiver appeared by counsel. No evidence was adduced to support the validity of his lien, or to establish what expenses may have been made in preserving the subject property, as opposed to other property of Paradise Ventures, Inc. Nor did he make any objection by motion, demurrer, or plea in abatement to the court's proceeding with a decree foreclosing the mortgage. The receiver's only contention on appeal is that the Lincoln County court did not have "jurisdiction" to determine the priorities of the various liens held by the parties to the foreclosure proceeding.

There is no contention that the Lincoln County court did not have jurisdiction over the subject of the foreclosure suit or over the parties, including the receiver. Indeed, the receiver appeared generally, and appears to have sought affirmative relief in the proceeding by asking that his lien be determined a first and prior lien. He contends, however, that the only court which may determine the priority of the liens is the receivership court in Marion County.

Whatever may be the merits with respect to the validity of the receiver's lien or the receiver's contention that the priorities of the various liens may only be determined in the Marion County court, the receiver submitted himself to the jurisdiction of the Lincoln County court and affirmatively prayed that "*this*

court" (emphasis added) determine priorities "pursuant to the provisions of ORS 88.050." He expressly concedes that the Lincoln County court had authority to enter a foreclosure decree. The cited section of the code provides, in part, that: "The decree *shall specify* the order, according to their priority, in which the debts secured by such liens shall be satisfied out of the proceeds of the sale of the property." (Emphasis added.) A decree which failed to determine the priorities of the various lien claimants would violate the clear mandate of the statute, would frustrate a principal purpose of a foreclosure suit and the process of bidding by lien claimants at the sheriff's sale.

■ Additionally, plaintiff was not a party to the receivership proceedings, its only contact therewith having been to obtain the court's approval to commencing the foreclosure proceeding. It therefore is not bound by the alleged "priority" of the *ex parte* "receiver's lien" filed in those proceedings and then in Lincoln County. *Marsh v. Arthur C. Marsh Co.,* 153 Or 134, 55 P2d 1111, 104 ALR 981 (1936).

Affirmed. Costs to respondent.

**THORNTON, J.,** dissenting.

Based upon the authorities set forth below, it is my conclusion that the majority is in error in holding that the mortgage foreclosure court, namely, the Circuit Court for Lincoln County, had jurisdiction to determine the priority and validity of the receiver's lien. These authorities hold that this jurisdiction is vested solely in the receivership court, here the Marion County Circuit Court. *Bank v. Bryan,* 76 W Va 481, 86 SE2d 8 (1915). *See,* 1 R. Clark on Receivers 413-14, 461-62, §§ 269, 289(a) (3d ed 1959).

The assets of the insolvent corporation, on appointment of the receiver, are in custodia legis. *City of Enterprise v. State,* 156 Or 623, 69 P2d 953 (1937). Having obtained control of all the assets of defendant

Paradise Ventures, Inc., of whatever kind and character and wherever situated, by the appointment of its receiver, the Circuit Court of Marion County was entitled to retain such control to the end of the litigation, to the exclusion of interference by any other courts of concurrent jurisdiction. *Bank v. Bryan, supra;* J. High on Receivers 161-70, §§ 139-142 (4th Ed 1910); *Railway Co. v. Love,* 61 Kan 433, 59 P 1072 (1900).

A similar question was involved in *Ahlstrom v. Lyon et al.,* 169 Or 629, 131 P2d 219 (1942). There the Circuit Court of Harney County had appointed a receiver for certain personal property located in that county. Subsequently plaintiff obtained a judgment against the judgment debtor in the Circuit Court of Lake County and levied execution on his interest in the property. Plaintiff was the purchaser at the execution sale. The judgment debtor thereafter moved to quash and set aside the execution sale on several grounds. In setting aside the sale and upholding the superior right of the receivership court, our Supreme Court observed:

> "There was no error in setting aside the sale. The property sold under execution was at such time in the possession of a receiver appointed in a suit pending wherein the purchaser was a defendant. To sustain the sale would create a conflict of jurisdiction between the circuit court of Harney county and the circuit court of Lake county. Obviously, both could not have jurisdiction over the same property at the same time. * * *" 169 Or at 634.

The receivership court itself, in administering the assets, will protect all prior rights, including those of plaintiff. 66 Am Jur2d 163, Receivers § 343 (1973). Therefore, while the Lincoln County Circuit Court did have jurisdiction to foreclose the mortgage, it had no jurisdiction to assign priorities and determine equities between the parties with regard to property in receivership. For this reason the order of the Lincoln County Circuit Court should be set aside insofar as it purports

to assign the receiver's lien a ninth priority place rather than a first priority.

Receiver's liens are usually preferred claims, taking precedence over all preexisting liens. *See, for example, Parks v. Central Door & Lbr. Co.,* 164 Or 363, 102 P2d 706, 128 ALR 375 (1940); *Stacy v. McNicholas,* 76 Or 167, 144 P 96, 148 P 67 (1915).

Receiver's liens for the essential preservation and protection of the property of the debtor may have priority over preexisting liens of mortgagees. 2 R. Clark on Receivers 1050, 1052 et seq, § 637 et seq (3d ed 1959). However, the receiver must establish that such was the case. 2 R. Clark at 1078. *See, Marsh v. Arthur C. Marsh Co.,* 153 Or 134, 55 P2d 1111 (1936); Annotations, 104 ALR 990 (1936).

For the above reasons I respectfully dissent.